# EXHIBIT 1

**PATTY KUDERER**
STATE INSURANCE COMMISSIONER

**STATE OF WASHINGTON**

Phone: 360-725-7000
www.insurance.wa.gov

## OFFICE OF INSURANCE COMMISSIONER

Certificate number **29742** is being issued to certify that the Insurance Commissioner of the State of Washington (OIC) has **ACCEPTED** service of process in the matter below.

| | |
|---|---|
| Date Service of Process Accepted: | 01/27/2026 |
| Certificate Issued: | 01/27/2026 |
| Issued By: | Amanda Oster AO |
| Certificate Type: | First Attempt |
| Certified Mailing Number: | 9589071052700724083324 |
| Service Requested Upon: | AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS<br>AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS<br>ATTN: AMBER ADAMS<br>PO BOX 2549<br>WACO, TX 76702-2549 US |
| Authorized in Washington: | Yes |
| Attorney Details: | Peter Schneider<br>Northwest Debt Resolution<br>10900 4th St<br>Ste 2300<br>Bellevue, WA 98004 US<br>206-800-6000 |
| Case Number: | |
| Plaintiff: | REBECCA HIGDON, on behalf of herself and all others similarly situated, |
| Defendant: | AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS, and DOES 1-10 |
| Documents: | SUMMONS<br>COMPLAINT |
| Copies Sent To: | Peter Schneider<br>AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS |

Insurance Commissioner
ACCEPTED SOP
JAN 27 2026
TIME: 2pm

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| REBECCA HIGDON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS, and DOES 1-10,<br><br>Defendants. | NO.<br><br>SUMMONS |

TO AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS

A lawsuit has been started against you in the above-entitled court by the Plaintiff. The Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 40 days after the service of this summons, excluding the day of service, on the Washington Office of the Insurance Commissioner, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what she or he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED January 22, 2026.

NORTHWEST DEBT RESOLUTION, LLC

Peter Schneider, WSBA# 43131
Attorney for Plaintiff



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

Insurance Commissioner
ACCEPTED SOP
JAN 27 2026
TIME: 2 pm

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| REBECCA HIGDON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS, and DOES 1-10,<br><br>Defendants. | NO.<br><br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, ET SEQ, WASHINGTON TELEPHONE SOLICITATION ACT, RCW 80.36.390 ET SEQ, WASHINGTON AUTOMATIC DIALING & ANNOUNCING DEVICE ACT, RCW 80.36.400 ET SEQ, AND WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 ET SEQ<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, Rebecca Higdon, on behalf of herself and others similarly situated and complains against AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS, and for cause of action against the Defendants complains and alleges as follows:

## I. INTRODUCTION

1. There are telemarketers in America whose long-term business model is placing lots and lots of unsolicited calls and robocalls.

2. Companies who sell a particular widget are looking for customers interested in such widgets, and telemarketers are eager to introduce widget makers with possibly interested customers.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

3. Some telemarketers call all the phone numbers they can, playing pre-recorded or artificially generated speech about widgets.

4. The telemarketer does this to build up a pool of valid phone numbers, noting key demographics of the people behind the phone numbers like age, gender, interests, or location.

5. When the telemarketer strikes a deal with a specific widget maker to find potential customers, the telemarketer goes to their calling pool and calls the people that fit the widget maker's specified customer profile.

6. And call them again and again and again.

7. When the telemarketer finds a consumer they can sell to a widget maker, they call that person a "Lead."

8. The telemarketer passes the Lead to a widget maker for monetary gain, the widget maker is happy to have someone to pitch their widgets to, and everyone in the loop gains something.

9. This is with the exception of consumers like the Plaintiff and individuals in the proposed class, who don't want the phone calls.

10. As former Senator Fritz Hollings once stated:

> "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."

## II. PARTIES, JURISDICTION & VENUE

11. The Plaintiff is a resident of Clark County, Washington, and was a resident of Washington State at all times relevant and material to this complaint.

12. Defendant American-Amicable Life Insurance Company of Texas ("American Amicable") is a Texas company with its corporate address of 425 Austin Ave, Waco TX 76701.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

13. American Amicable regularly solicits business from Washington State residents and does substantial business in Washington State.

14. Does 1-10 are currently unknown parties who acted as American Amicable's agents in telephone soliciting consumers and Plaintiff.

15. The acts alleged in this complaint occurred in Clark County, Washington State, during the last four years.

16. At all times relevant to the events and transgressions alleged herein, the Defendants engaged in telemarketing and telephone solicitation activities in Washington State, including the placing of computerized phone calls to the Plaintiff and Washington State residents to sell products and services.

17. Defendants are within the jurisdiction of the Court.

18. Venue is proper in Clark County because many of the violations against the Plaintiff and putative class members occurred in this Court.

## III. FACTUAL ALLEGATIONS

**Plaintiff Rebecca Higdon**

19. The Plaintiff is the subscriber and regular user of the 360-area code phone number that received the calls.

20. The Plaintiff uses her cell phone number for personal use only, as one would use a landline.

21. The Plaintiff registered her 360-area code cell phone number on the Federal Trade Commission's national do not call registry more than four years and a day prior to the commencement of this lawsuit.

22. At no time relevant to this lawsuit did the Plaintiff consent to any calls from American Amicable or its agents that contained artificial or pre-recorded voice.



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

23. At no time relevant to this lawsuit did the Plaintiff consent to any insurance sales calls from American Amicable or its agents.

24. For the last four years the Plaintiff has received unwanted insurance solicitation calls from American Amicable and its agents.

25. The Plaintiff has been getting a steady stream of calls like those described below for as long as she can remember.

26. American Amicable and its agents had a pattern and practice of telephone soliciting the Plaintiff even though she frequently asked them to stop calling

27. If the Plaintiff answered the Defendants' calls, she was greeted by an artificial or prerecorded voice which, after automatically playing its announcement, transferred the call to a live agent who then engaged Plaintiff in conversation.

28. The Plaintiff could tell which calls were pre-recorded because they were impersonal, had long pauses, used the same format and content, used the same woman's voice, could not converse normally, contained reading a script type intonation and pauses, and then handed the call off to a live agent who engaged in conversation.

29. The Plaintiff could tell these calls were from the same entity because they used the same woman's voice and the robocall portion of the calls used the same format and content, and were selling the same product.

30. This list below is a non-exhaustive list of phone calls the Plaintiff has received this year, each of them from American Amicable or an agent acting on behalf of American Amicable, selling American Amicable's final expense insurance:

| Call # | Date | Calling # | DNC | 10S | S |
|---|---|---|---|---|---|
| 1 | 7/31/2025 | | | ✓ | |
| 2 | 8/14/2025 | 302 309 2832 | ✓ | | ✓ |
| 3 | 8/27/2025 | 360 803 6270 | ✓ | | ✓ |
| 4 | 9/29/2025 | 360 573 7950 | | | ✓ |
| 5 | 10/21/2025 | | | | |
| 6 | 10/27/2025 | | | | |



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

| | | | | | |
|---|---|---|---|---|---|
| 7 | 10/28/2025 | 360 203 3286 | | | ✓ |
| 8 | 10/29/2025 | | | | |
| 9 | 1/7/2026 | 360 730 1146 | | | ✓ |
| 10 | 1/16/2025 | 360 818 0475 | | | ✓ |

31. A check in the "DNC" column means during the call, the Plaintiff asked for no more calls.

32. A check in the "10S" column means the Plaintiff said she wasn't interested and the caller did not hang up within 10 seconds.

33. A check in the "S" column means the Defendants used a spoof local number.

34. In each of these calls there was conversation between the Plaintiff and American Amicable or its agents.

35. In none of these calls did the callers identify who they were calling on behalf of, or their name of who they were calling from during the first 30 seconds of the call.

36. Except for the last call, they never identified who they were calling on behalf of, or their name of who they were calling from during the call.

37. In none of these calls did the caller provide a telephone number or address at which the person or entity may be contacted.

38. In none of these calls did the caller provide a telephone number or address at which the person or entity may be contacted to make a do-not-call request.

39. The callers had the capacity to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failed to do so.

40. The callers had the capacity to transmit to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed and willfully failed to do so.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

41. In the second call in the matrix above the Plaintiff made a do-not-call request and the callers continued to call.

42. Despite many *do-not-call* requests, American Amicable and its agents continued calling the Plaintiff.

43. In none of the calls where the Plaintiff asked them to stop calling did the caller inform the called party that his or her contact information will be removed from the telephone solicitor's telephone lists for at least one year.

44. American Amicable and its agents always transmitted false caller ID information to each of the solicitation calls they initiated to the Plaintiff.

45. When the Plaintiff would call back to the displayed called number it would not reach American Amicable or its agents because the transmitted caller ID information was false.

46. Instead, a call to the caller ID transmitted number would reach an entity obviously not associated with American Amicable or the phone system would inform the Plaintiff that it was not a working number.

47. In none of the calls American Amicable ever initiated to the Plaintiff did the caller identify the entity behind the call as American Amicable or identify the actual name of the caller until the call in which Plaintiff attempted to buy American Amicable's insurance.

48. Despite many *do-not-call* requests, American Amicable and their agents continued calling the Plaintiff.

49. The Plaintiff reasonably expected her do-not-call requests to the phone agents selling final expense insurance applied to the entity they were calling for – American Amicable – the Seller of final expense insurance.

50. To identify exactly who was behind all the unwanted American Amicable calls, on January 16, 2026, the Plaintiff attempted to purchase insurance from the caller.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

51. The call started out like the other calls, with the same woman's voice, same call format, and same general script.

52. The caller took the Plaintiffs specific details, uploaded that information into American Amicable's computer system, and received a policy price from American Amicable to communicate back to the Plaintiff.

53. The caller would only accept payment by bank account and the Plaintiff did not have that information available, so she proposed to the caller that they bring someone she knew into the call and he might provide his bank account.

54. The caller agreed, and the phone agent asked the friend questions and obtained his bank account information.

55. Then the phone agent brought an American Amicable employee, Trinity, on the line.

56. Behind the scenes the phone agent communicated everything that happened in the calls to Trinity and American Amicable, and American Amicable obtained the friend's phone number from the call and their phone agent.

57. Trinity asked the friend a bunch of questions about his payment and relationship with the Plaintiff.

58. Trinity didn't like some of the answers and American Amicable got agitated because they checked and found the friend's phone number was on the "TCPA litigator list".

59. At finding this out, Trinity got off the line and then the phone agent got off the line.

60. American Amicable was agitated that the friend's phone number was on the "TCPA litigator list" because they knew their agents had been illegally calling the Plaintiff without permission and they were afraid there would be consequences for the illegal calls.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

61. After hanging up with the Plaintiff and the Plaintiff's friend, on information and belief American Amicable told the phone agent their fears for the consequences and American Amicable instructed or implied to the phone agent to call the Plaintiff back and harass and threaten her to head off the consequences for their illegal calls.

62. And that is what their phone agent did.

63. The caller then called the Plaintiff back in a new call and said the following things:

> **American Amicable**: Hello? Yes, Mr. Rebecca, can you hear me?
> **American Amicable**: Okay, so, Mr. Rebecca, like, what is the relation that you have with Mr. [Friend]? He's your brother?
> **American Amicable**: But he just mentioned that he's your friend, so now you're mentioning that he's your brother?
> **American Amicable**: You're calling your brother. But you know that the insurance company is not accepting your policy because he's on the do not call list, he's on the litigator list.
> **American Amicable**: So why are you guys playing with us? You're trying to, like, sue our company, you know? So, do you guys think that we are stupid?
> **American Amicable**: Do you think I'm stupid? Do you think I'm stupid?
> **American Amicable**: You have to tell, you have to tell the people that you stopped calling or something. You don't have to play the game that you're saying that my brother is giving you the information and that person thinks that she's my friend and I'm gonna pay for her policy because she wants my birthday gift or something like that. What is that? This is very bad, you know? You're getting paid by, like, you're taking, like, like scamming people.
> **American Amicable**: You've got, this is going to be a scam.
> **American Amicable**: If you can't answer the phone, okay? If you can't answer the phone, so you have to put your number on the do not call list in order to get a list. You have to, like, spend some money for that and put your number on the do not call list and stuff like that.
> **American Amicable**: You're not doing that. You like to waste people's time because you don't have anything else to do. This is your business that you're doing that you're scamming people.
> **American Amicable**: Why are you doing that? Because this is your business that you're doing and you're scamming people and you're calling people every day.
> **American Amicable**: I was, I was honest with you to getting you a good insurance policy, but you, you, you people don't deserve this. You are a very cheap and stupid, okay? Piece of shit.
> **American Amicable**: You should die, okay? Oh, see? You need to kill yourself. You need to kill yourself, piece of shit.
> **American Amicable**: Don't waste my time anymore now.



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**Senior Benefits**

64. These were not the only callers working for American Amicable who called the Plaintiff.

65. Another set of American Amicable phone agents identified themselves as "Senior Benefits" and they made many calls to the Plaintiff.

66. This list below is a non-exhaustive list of phone calls the Plaintiff has received this year, each of them from an agent identifying him or herself as "Senior Benefits" but pitching final expense insurance from American Amicable:

| Call # | Date | Calling # | DNC | 10S | S | Caller pitched insurance from: |
|---|---|---|---|---|---|---|
| 1 | 10/8/2025 | | ✓ | | | Caller named American Amicable |
| 2 | 10/25/2025 | | | | | |
| 3 | 12/11/2025 | 360-792-2863 | | | ✓ | |
| 4 | 12/15/2025 | | ✓ | | | |
| 5 | 1/3/2026 | 360 737 6393 | ✓ | | ✓ | |
| 6 | 1/5/2026 | 360 837 1849 | ✓ | | ✓ | |
| 7 | 1/7/2026 | 360-682-3595 | ✓ | | ✓ | |
| 8 | 1/8/2026 | | | | | |
| 9 | 1/8/2026 | | ✓ | | | |
| 10 | 1/13/2026 | | | | | |
| 11 | 1/14/2026 | 360 321 6308 | | | ✓ | |
| 12 | 1/15/2026 | | ✓ | | | |

67. The "Senior Benefits" phone agent pitched American Amicable insurance on the very first call in the matrix above.

68. The calls were a mix of robocalls and voice calls.

69. The robocalls would start out with an automatic dialing device to dial the calls, and an automatic announcing device would play a prerecorded or artificial voice when the Plaintiff answered the call.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

70. After the prerecorded or artificial voice message played, each of those calls transitioned to a live caller and conversation with the phone agent soliciting final expense insurance on behalf of American Amicable.

71. **Class Definition:** The Plaintiff brings this class action lawsuit pursuant to CR 23, and seeks certification of the following Classes:

> **<u>DNCR Class</u>**: All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

> **<u>WA DNCR Class:</u>** Plaintiff and all persons within Washington State who from the enacting date of RCW 80.36.390(9) who the Defendant initiated a telephone solicitation call to their telephone number registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations.

> **<u>30 Second Class:</u>** Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services without identifying him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first 30 seconds of the telephone call.

> **<u>Don't Call Again Class</u>**: Plaintiff and all persons within Washington State who during the telephone contact with the Defendant stated or indicated that he or she does not want to be called again by the Defendant or wants to have his or her name, individual telephone number, or other contact information removed from the telephone lists used by the Defendant, and the Defendant:
> (a) Did not inform the called party that his or her contact information will be removed from the telephone solicitor's telephone lists for at least one year; or
> (b) Did not end the call within 10 seconds; or
> (c) Made additional telephone solicitations of the called party at any telephone number that the called party has requested be removed from the solicitor's telephone lists for a period of at least one year

> **<u>Pre-recorded No Consent Class</u>**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants, or an agent calling on behalf of the Defendants, called on their telephone number (2) using the same or a substantially similar artificial or pre-recorded voice messages used to call the Plaintiff.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**Automatic Dialing and Announcing Device Class**: All persons within Washington State who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their telephone number using an (2) automatic dialing and announcing device for purposes of commercial solicitation.

**Identification Class:** Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services without providing the called party the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

**Procedures Class:** Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification, made a do not call request to one or more Defendant (or an agent acting on behalf of Defendant), that Defendant did not have sufficient procedures instituted to prevent further telephone solicitation calls to that person, and that person received further telephone solicitation calls from or on behalf of that Defendant.

**Spoofed Number Class**: Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services while causing the caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

**False or misleading Caller ID class**: Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services while failing to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failing to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed.

72. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

73. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

74. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

75. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

c. Whether Defendant sent text messages without providing the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

d. The number of text messages Defendant sent to Washington residents' cell phones or pagers;

e. Whether Defendant should be held liable for violations committed on its behalf, if any; and



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

f. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

76. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

77. In addition to satisfying the prerequisites of CR 23(a), Plaintiff satisfies the requirements for maintaining a class action under CR (b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

78. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

79. Excluded from the Classes are the Defendants and any entities in which the Defendants have a controlling interest; the Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

## IV. CAUSES OF ACTION
## ALLEGATIONS APPLICABLE TO ALL COUNTS

80. American Amicable is a "seller" as defined by 47 CFR § 64.1200(f)(10).

81. American Amicable is a "telemarketer" as defined by 47 CFR § 64.1200(f)(12).

82. All of the calls the Defendants initiated to the Plaintiff and proposed Class were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

83. American Amicable and its telephone agents engaged in "telephone solicitation" to Washington State residents as defined by RCW 80.36.390(1)(a).

84. American Amicable and its telephone agents are "telephone solicitors" as defined by RCW 80.36.390(4).

85. American Amicable and its telephone agents are "persons" as defined by RCW 19.86.010(1).

86. The Plaintiff is a person as defined by RCW 19.86.010(1).

87. American Amicable and its telephone agents engaged in "trade" and "commerce" with Washington State residents as defined by RCW 19.86.010(2).

88. The calls were initiated to encourage the Plaintiff to purchase goods and/or services from American Amicable.

89. The phone ringing and listening to pre-recorded or artificial voice calls where it takes time and annoyance to talk to a live person is obnoxious, an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

90. Answering the phone takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

91. Trying to figure out who is behind the calls is obnoxious and costs the Plaintiff time.

**COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. 227(c)**

92. Pursuant to 47 U.S.C. 227(c), it is unlawful for a person to initiate telephone solicitation to residential telephone subscribers who have registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

93. The Plaintiff re-alleges the previous paragraphs supra.

94. The Plaintiff registered her telephone number on the national do-not-call registry of people who do not wish to receive telephone solicitations that is maintained by the Federal Government more than 31 days prior the calls subject to 47 CFR § 64.1200(c)(2).

95. The Defendants violated 47 U.S.C. 227(c)(2) by calling the Plaintiff's telephone without invitation or consent.

96. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. 227 applies to their calls.

97. American Amicable instructed its phone agents to identify themselves to the Plaintiff with fake business names and to not identify themselves or American Amicable because they knew they were illegally calling the Plaintiff and they wanted to prevent the Plaintiff and consumers like her from suing American Amicable for the illegal calls.

98. American Amicable instructed their phone agents to not transmit accurate caller ID information for the same reason – preventing lawsuits for their illegal calls.

99. The Defendants violated 47 U.S.C. § 227(c) on no fewer than fifty (50) occasions.

100. The Plaintiff has been damaged and injured as a result of these actions.



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

101. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 2 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. 227(b)**

102. Pursuant to 47 U.S.C. 227(b), it is unlawful for a person to place telephone calls with an artificial or prerecorded voice.

103. The Plaintiff re-alleges the previous paragraphs supra.

104. The Defendants violated 47 U.S.C. 227(b) by calling the Plaintiff's telephone while using an artificial or prerecorded voice. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. 227 applies to their calls.

105. Therefore, the Defendants violated 47 U.S.C. 227(b) on no fewer than fifty (50) occasions.

106. The Plaintiff has been damaged and injured as a result of these actions.

107. The Defendants' actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)**

108. Pursuant to 47 C.F.R. § 64.1200(d), no entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

109. The Plaintiff re-alleges the previous paragraphs supra.

110. The Defendants did not have procedures for maintaining a list of persons who request not to receive such calls.

111. Plaintiff made a do-not-call request to American Amicable's phone agents but they continued to telephone solicit her.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

112. Therefore, American Amicable has violated 47 C.F.R. § 64.1200(d) on no fewer than fifty (50) occasions.

113. The Plaintiff has been damaged and injured as a result of these actions.

114. The Defendants' actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 4 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(4)**

115. Pursuant to 47 C.F.R. § 64.1200(d)(4), all artificial or prerecorded voice telephone messages made by telemarketers shall identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted.

116. The Plaintiff re-alleges the previous paragraphs supra.

117. The Defendants never identified the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted to the Plaintiff.

118. Instead they used fake generic names or didn't give a name at all.

119. And never gave a telephone number or address where the person or entity could be contacted.

120. Therefore, the Defendants have violated 47 C.F.R. § 64.1200(d)(4) on no fewer than fifty (50) occasions.

121. The Plaintiff has been damaged and injured as a result of these actions.

122. The Defendants' actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**COUNT 5 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R § 64.1601(e).**

123. 47 C.F.R § 64.1601(e) requires any entity engaged in telemarketing as that term is defined in 47 C.F.R. § 64.1200 must transmit caller identification information.

124. The Plaintiff re-alleges the previous paragraphs supra.

125. That information must include the name of the telemarketer or the seller when available by the telemarketer's carrier, and it must transmit a telephone number such that any individual could make a do-not-call request to the telemarketer or seller during regular business hours.

126. American Amicable and their agents did neither.

127. American Amicable and their agent's phone carrier allowed them to transmit the name of the telemarketer or seller, and American Amicable chose not to transmit this information on any call to Plaintiff.

128. American Amicable and their agent's chose not to transmit a telephone number such that Plaintiff could make a do-not-call request to the telemarketer or seller during regular business hours.

129. Therefore, the Defendants have violated 47 C.F.R § 64.1601(e) on no fewer than fifty (50) occasions.

130. The Plaintiff has been damaged and injured as a result of these actions.

131. The Defendants' actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 6 – WASHINGTON AUTOMATIC DIALING & ANNOUNCING DEVICE ACT**
**RCW 80.36.400(2)**

132. Pursuant to RCW 80.36.400(2), no person may use an automatic dialing and announcing device for the purposes of commercial solicitation.

133. The Plaintiff re-alleges the previous paragraphs supra.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

134. The Defendants used a device to initiate the artificial or prerecorded voice calls to the Plaintiff.

135. The device the Defendants used to initiate the artificial or prerecorded voice calls to the Plaintiff automatically dials phone numbers, and when a connection is established, automatically plays an announcement.

136. If the announcement plays successfully, the Defendants initiates a transfer of the call to a live agent selling American Amicable's goods or services.

137. The Defendants used this device for the purpose of initiating commercial solicitation to the Plaintiff and consumers like her

138. The Defendants used an automatic dialing and announcing device for the purposes of commercial solicitation on every artificial or prerecorded voice call they placed to the Plaintiff's residential phone line.

139. Therefore, The Defendants violated RCW 80.36.400(2) on no fewer than fifty (50) occasions.

140. The Plaintiff has been damaged and injured as a result of these actions.

141. The Defendants' actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 7 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.390(3)**

142. Pursuant to RCW 80.36.390(3), a telephone solicitor must identify themselves and the company or organization on whose behalf the solicitation is being made and the purpose of the call, within the first thirty (30) seconds of the telephone call.

143. The Plaintiff re-alleges the previous paragraphs supra.

144. The Defendants never identified themselves, the company or organization on whose behalf the solicitation was being made, and the purpose of the call, within the first thirty (30) seconds of the telephone calls to the Plaintiff.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

145. Therefore, the Defendants have violated RCW 80.36.390(3) on no fewer than fifty (50) occasions.

146. The Plaintiff has been damaged and injured as a result of these actions.

147. The Defendants' actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 8 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(7)**

148. Pursuant to RCW 80.36.390(7), when a called party states or indicates they don't want to be called again, a telephone solicitor must inform a called party that their contact information will be removed from the telephone solicitor's telephone list for one year, end the call within 10 seconds, not make additional telephone solicitations on the called party at the phone number requested to be removed from telephone lists for one year, nor provide the called party's contact information to a third party.

149. The Plaintiff re-alleges the previous paragraphs supra.

150. Despite the Plaintiff telling and indicating she did not want to receive phone calls from the Defendants, The Defendants repeatedly and continued to call the Plaintiff within one year.

151. Therefore, the Defendants violated RCW 80.36.390(7) on new fewer than fifty (50) occasions.

152. The Plaintiff has been damaged and injured as a result of these actions.

153. The Defendants' actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 9 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(9)**

154. Pursuant to RCW 80.36.390(9), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the do not call registry maintained



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations, as currently enacted or subsequently amended.

155. The Plaintiff re-alleges the previous paragraphs supra.

156. The Defendants initiated telephone solicitation to the Plaintiffs telephone number after she caused it to be registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations, as currently enacted or subsequently amended.

157. Therefore, the Defendants violated RCW 80.36.390(9) on new fewer than fifty (50) occasions.

158. The Plaintiff has been damaged and injured as a result of these actions

159. The Defendants' actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

## COUNT 10 – WASHINGTON TELEPHONE SOLICITATION ACT
### RCW 80.36.390(10)

160. Pursuant to RCW 80.36.390(10), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number that violates 47 U.S.C. Sec. 227(e)(1), as currently written or as subsequently amended or interpreted by the federal government.

161. The Plaintiff re-alleges the previous paragraphs supra.

162. The Defendants initiated telephone solicitation to the Plaintiff's telephone number while knowingly transmitting misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

163. The Defendants invaded the Plaintiff's privacy and harassed the Plaintiff while knowingly transmitting misleading or inaccurate caller identification information with the intent of invading the Plaintiff's privacy.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

164. The Defendants invaded the Plaintiff's privacy and harassed the Plaintiff while knowingly transmitting misleading or inaccurate caller identification information with the intent of selling the Plaintiff goods or services via wrongful phone calls.

165. Therefore, the Defendants violated RCW 80.36.390(10) on new fewer than fifty (50) occasions.

166. The Plaintiff has been damaged and injured as a result of these actions.

167. The Defendants' actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 11 – WASHINGTON CONSUMER PROTECTION ACT**

168. Pursuant to RCW 80.36.390(12) a violation of RCW 80.36.390 *et seq*, is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

169. Pursuant to RCW 80.36.400(4) a violation of RCW 80.36.400 *et seq*, is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

170. The Plaintiff re-alleges the previous paragraphs supra.

171. Each of the previously pleaded violations of RCW 80.36.390 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

172. Each of the previously pleaded violations of RCW 80.36.400 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

173. Therefore, the Defendants have violated RCW 19.86 *et seq* on no fewer than fifty (50) occasions.

174. Plaintiff has been injured and damaged because of the Defendants' actions.

175. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

## COUNT 12 – INJUNCTIVE RELIEF

176. A Plaintiff may seek injunctive relief for violations of the Telephone Consumer Protection Act. 47 U.S.C. § 227.

177. A Plaintiff may seek injunctive relief for violations of the Washington Telephone Solicitation Act. RCW 80.36.390(13).

178. A Plaintiff may seek injunctive relief for violations of the Washington Automatic Dialing and Announcing Device Act. RCW 80.36.400(4).

179. A Plaintiff may seek injunctive relief for violations of the Washington Consumer Protection Act. RCW 19.86.090.

180. The Plaintiff re-alleges the previous paragraphs supra.

181. The Plaintiff does seek injunctive relief from this Court to enjoin the Defendants' harmful actions towards Washington State residents in the manner described above. Specifically, The Plaintiff seeks injunctions prohibiting the Defendants from acting in any manner at odds with 47 U.S.C.§ 227(b), 47 U.S.C.§ 227(c), RCW 80.36.390, and RCW 80.36.400.

182. The Defendants' actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.

183. Injunctive relief is necessary to prevent further harm and injury to the Plaintiff and to the Washington State public as well.

184. Injunctive relief should therefore be granted by this Court.

## V. JURY DEMAND

185. The Plaintiff demands a trial by jury.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

## VI. PRAYER FOR RELIEF

186. WHEREFORE, the Plaintiff prays that the proposed Class be certified under CR 23, and that the Plaintiff and her counsel be appointed to represent the Class and for judgment be entered against the Defendants for:

187. For statutory damages of $1,500.00 per violation of the Telephone Consumer Protection Act;

188. For statutory damages of $1,000.00 per violation of the Washington Telephone Solicitation Act;

189. For statutory damages of $1,000.00 per violation of the Washington Automatic Dialing and Announcing Device Act;

190. For Plaintiff's actual damages;

191. For treble damages pursuant to RCW 19.86.090, 47 U.S.C.§ 227(b), 47 U.S.C.§ 227(c);

192. For the Plaintiff's costs and attorney's fees pursuant to RCW 80.36.390(13), RCW 80.36.400(4), and RCW 19.86.90;

193. For all injunctive relief as pleaded for above;

194. For any and all other relief this Court deems proper.

DATED January 22, 2026.

NORTHWEST DEBT RESOLUTION, LLC

Peter Schneider, WSBA# 43131
Attorney for Plaintiff



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015