The Honorable John H. Chun

Attorney for Defendant
AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

TACOMA DIVISION

| | |
|---|---|
| REBECCA HIGDON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS, and DOES 1-10,<br><br>Defendants. | Case No. 3:26-cv-05187-JHC<br><br>AMERICAN AMICABLE'S ANSWER TO PLAINTIFF'S COMPLAINT<br><br>(Jury Trial Demanded) |

Defendant American Amicable Life Insurance Company of Texas ("American Amicable"), by and through its undersigned counsel, hereby submits its Answer in response to Plaintiff's Complaint and states as follows:

**GENERAL DENIAL**

As a threshold matter, each and every allegation in the Complaint is expressly denied unless specifically admitted, qualified or explained herein.

///

///

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

## INTRODUCTION

1. Paragraph 1 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore, denies the same.

2. Paragraph 2 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore, denies the same.

3. Paragraph 3 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore, denies the same.

4. Paragraph 4 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore, denies the same.

5. Paragraph 5 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore, denies the same.

6. Paragraph 6 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore, denies the same.

7. Paragraph 7 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore, denies the same.

8. Paragraph 8 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore, denies the same.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

9. Paragraph 9 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore, denies the same.

10. Paragraph 10 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore, denies the same.

**PARTIES, JURISDICTION & VENUE**

11. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore, denies the same.

12. Responding to Paragraph 12, American-Amicable admits only that it is an insurance company organized and incorporated under the laws of the State of Texas, with its principal place of business in the State of Texas. American-Amicable denies any allegations in Paragraph 12 inconsistent with the above.

13. Responding to Paragraph 13, American-Amicable states that it is authorized to conduct the business of insurance in the state of Washington and that it has issued life insurance policies to residents of Washington state. American-Amicable denies any allegations in Paragraph 13 inconsistent with the above.

14. American-Amicable denies the allegations in Paragraph 14.

15. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore, denies the same.

16. American-Amicable denies the allegations in Paragraph 16 concerning American-Amicable. The allegations in Paragraph 16 concerning the other Defendants do not require a response from American-Amicable, but to the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants, and therefore, denies the same.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

17. The allegations in Paragraph 17 regarding whether the Court has jurisdiction over American-Amicable call for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable denies the allegations.

18. The allegations in Paragraph 18 regarding whether venue in this Court is proper calls for a legal conclusion to which no response is necessary.

**FACTUAL ALLEGATIONS**

19. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore, denies the same.

20. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore, denies the same.

21. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore, denies the same.

22. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore, denies the same.

23. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore, denies the same.

24. American-Amicable denies the allegations in Paragraph 24.

25. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore, denies the same.

26. American-Amicable denies the allegations in Paragraph 26.

27. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore, denies the same. Further responding to Paragraph 27, American-Amicable denies that it initiated any of the alleged telephone calls.

28. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore, denies the same.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

29. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore, denies the same.

30. American-Amicable denies that it or any of its agents made the calls referenced in Paragraph 30. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and therefore, denies the same.

31. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore, denies the same.

32. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore, denies the same.

33. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore, denies the same.

34. American-Amicable denies the allegations in Paragraph 34.

35. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore, denies the same.

36. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore, denies the same.

37. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore, denies the same.

38. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore, denies the same.

39. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore, denies the same.

40. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore, denies the same.

41. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore, denies the same.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

42. American-Amicable denies the allegations in Paragraph 42.

43. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore, denies the same.

44. American-Amicable denies the allegations in Paragraph 44.

45. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore, denies the same.

46. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore, denies the same.

47. American-Amicable denies that it or any of its agents initiated the calls in question to the Plaintiff. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47, and therefore, denies the same.

48. American-Amicable denies the allegations in Paragraph 48.

49. American-Amicable denies that it or any of its agents initiated the calls in question to the Plaintiff. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and therefore, denies the same.

50. American-Amicable denies that it or any of its agents initiated the calls in question to the Plaintiff. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50, and therefore, denies the same.

51. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore, denies the same.

52. American-Amicable denies the allegations in Paragraph 52.

53. Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore, denies the same.

54. Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore, denies the same.

55. American-Amicable denies the allegations in Paragraph 55.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

56. American-Amicable denies the allegations in Paragraph 56.

57. American-Amicable denies the allegations in Paragraph 57 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

58. American-Amicable denies the allegations in Paragraph 58 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

59. American-Amicable denies the allegations in Paragraph 59 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

60. American-Amicable denies the allegations in Paragraph 60 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

61. American-Amicable denies the allegations in Paragraph 61.

62. American-Amicable denies the allegations in Paragraph 62 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

63. American-Amicable denies the allegations in Paragraph 63 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

64. American-Amicable denies the allegations in Paragraph 64 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

65. American-Amicable denies that it or any of its agents initiated the calls in question to the Plaintiff. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65, and therefore, denies the same.

66. American-Amicable denies that it or any of its agents initiated the calls in question to the Plaintiff. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66, and therefore, denies the same.

67. American-Amicable denies that it or any of its agents initiated the calls in question to the Plaintiff. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67, and therefore, denies the same.

68. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, and therefore, denies the same.

69. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore, denies the same.

70. American-Amicable denies the allegations in Paragraph 70 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

71. American-Amicable denies that the proposed Class definitions in Paragraph 71 are appropriate for this matter.

72. American-Amicable denies the allegations in Paragraph 72.

73. American-Amicable denies the allegations in Paragraph 73.

74. American-Amicable denies the allegations in Paragraph 74.

75. American-Amicable denies the allegations in Paragraph 75, including subparts (a) through (f).

76. American-Amicable denies the allegations in Paragraph 76.

77. American-Amicable denies the allegations in Paragraph 77, including subparts (a) through (c).

78. American-Amicable denies the allegations in Paragraph 78, including subparts (a) through (c).

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

79. Paragraph 79 does not call for a response from American-Amicable. To the extent a response is required, American-Amicable denies that class action relief is appropriate in this matter.

80. Paragraph 80 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 CFR § 64.1200(f)(10) referenced in Paragraph 80, which speaks for itself, and denies any remaining allegation in Paragraphs 80.

81. Paragraph 81 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 CFR § 64.1200(f)(12) referenced in Paragraph 81, which speaks for itself, and denies any remaining allegation in Paragraphs 81.

82. Paragraph 82 calls for a legal conclusion to which no response is necessary. To the extent a response is necessary, American-Amicable denies the allegations in Paragraph 82 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

83. Paragraph 83 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable denies the allegations in Paragraph 83 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

84. Paragraph 84 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable denies the allegations in Paragraph 84 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

85. Paragraph 85 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

86. Paragraph 86 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

87. Paragraph 87 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable denies the allegations in Paragraph 87 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

88. American-Amicable denies the allegations in Paragraph 88.

89. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and therefore, denies the same.

90. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore, denies the same.

91. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and therefore, denies the same.

92. Paragraph 92 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 U.S.C. § 227(c) referenced in Paragraph 92, which speaks for itself, and denies any remaining allegation in Paragraphs 92.

93. In response to Paragraph 93, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

94. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore, denies the same.

95. American-Amicable denies the allegations in Paragraph 95 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95, and therefore, denies the same.

96. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and therefore, denies the same.

97. American-Amicable denies the allegations in Paragraph 97.

98. American-Amicable denies the allegations in Paragraph 98.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

99. American-Amicable denies the allegations in Paragraph 99 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99, and therefore, denies the same.

100. American-Amicable denies the allegations in Paragraph 100.

101. American-Amicable denies the allegations in Paragraph 101 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101, and therefore, denies the same.

102. Paragraph 102 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 U.S.C. § 227(b) referenced in Paragraph 102, which speaks for itself, and denies any remaining allegation in Paragraphs 80.

103. In response to Paragraph 103, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

104. American-Amicable denies the allegations in Paragraph 104 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104, and therefore, denies the same.

105. American-Amicable denies the allegations in Paragraph 105 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105, and therefore, denies the same.

106. American-Amicable denies the allegations in Paragraph 106.

107. American-Amicable denies the allegations in Paragraph 107 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107, and therefore, denies the same.

108. Paragraph 108 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1200(d) referenced in Paragraph 108, which speaks for itself, and denies any remaining allegation in Paragraphs 108.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

109. In response to Paragraph 109, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

110. American-Amicable denies the allegations in Paragraph 110 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110, and therefore, denies the same.

111. American-Amicable denies the allegations in Paragraph 111 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111, and therefore, denies the same.

112. American-Amicable denies the allegations in Paragraph 112 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112, and therefore, denies the same.

113. American-Amicable denies the allegations in Paragraph 113.

114. American-Amicable denies the allegations in Paragraph 114 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 114, and therefore, denies the same.

115. Paragraph 115 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1200(d)(4) referenced in Paragraph 115, which speaks for itself, and denies any remaining allegation in Paragraph 115.

116. In response to Paragraph 116, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

117. American-Amicable denies the allegations in Paragraph 117 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117, and therefore, denies the same.

118. American-Amicable denies the allegations in Paragraph 118 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118, and therefore, denies the same.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

119. American-Amicable denies the allegations in Paragraph 119 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119, and therefore, denies the same.

120. American-Amicable denies the allegations in Paragraph 120 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120, and therefore, denies the same.

121. American-Amicable denies the allegations in Paragraph 121.

122. American-Amicable denies the allegations in Paragraph 122 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122, and therefore, denies the same.

123. Paragraph 123 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1601(e) referenced in Paragraph 123, which speaks for itself, and denies any remaining allegation in Paragraph 123.

124. In response to Paragraph 124, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

125. Paragraph 125 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1601(e) referenced in Paragraph 125, which speaks for itself, and denies any remaining allegation in Paragraph 125.

126. American-Amicable denies the allegations in Paragraph 126 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126, and therefore, denies the same.

127. American-Amicable denies the allegations in Paragraph 127 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127, and therefore, denies the same.

///

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

128. American-Amicable denies the allegations in Paragraph 128 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128, and therefore, denies the same.

129. American-Amicable denies the allegations in Paragraph 129 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129, and therefore, denies the same.

130. American-Amicable denies the allegations in Paragraph 130.

131. American-Amicable denies the allegations in Paragraph 131 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131, and therefore, denies the same.

132. Paragraph 132 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.400(2) referenced in Paragraph 132, which speaks for itself, and denies any remaining allegation in Paragraph 132.

133. In response to Paragraph 133, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

134. American-Amicable denies the allegations in Paragraph 134 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134, and therefore, denies the same.

135. American-Amicable denies the allegations in Paragraph 135 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135, and therefore, denies the same.

136. American-Amicable denies the allegations in Paragraph 136 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136, and therefore, denies the same.

///

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

137. American-Amicable denies the allegations in Paragraph 137 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137, and therefore, denies the same.

138. American-Amicable denies the allegations in Paragraph 138 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138, and therefore, denies the same.

139. American-Amicable denies the allegations in Paragraph 139 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139, and therefore, denies the same.

140. American-Amicable denies the allegations in Paragraph 140.

141. American-Amicable denies the allegations in Paragraph 141 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141, and therefore, denies the same.

142. Paragraph 142 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.390(3) referenced in Paragraph 142, which speaks for itself, and denies any remaining allegation in Paragraph 142.

143. In response to Paragraph 143, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

144. American-Amicable denies the allegations in Paragraph 144 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144, and therefore, denies the same.

145. American-Amicable denies the allegations in Paragraph 145 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 145, and therefore, denies the same.

146. American-Amicable denies the allegations in Paragraph 146.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

147. American-Amicable denies the allegations in Paragraph 147 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147, and therefore, denies the same.

148. Paragraph 148 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.390(7) referenced in Paragraph 148, which speaks for itself, and denies any remaining allegation in Paragraph 148.

149. In response to Paragraph 149, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

150. American-Amicable denies the allegations in Paragraph 150 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 150, and therefore, denies the same.

151. American-Amicable denies the allegations in Paragraph 151 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151, and therefore, denies the same.

152. American-Amicable denies the allegations in Paragraph 152.

153. American-Amicable denies the allegations in Paragraph 153 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153, and therefore, denies the same.

154. Paragraph 154 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.390(9) referenced in Paragraph 154, which speaks for itself, and denies any remaining allegation in Paragraph 154.

155. In response to Paragraph 155, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

156. American-Amicable denies the allegations in Paragraph 156 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156, and therefore, denies the same.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

157. American-Amicable denies the allegations in Paragraph 157 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157, and therefore, denies the same.

158. American-Amicable denies the allegations in Paragraph 158.

159. American-Amicable denies the allegations in Paragraph 159 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159, and therefore, denies the same.

160. Paragraph 160 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.390(10) referenced in Paragraph 160, which speaks for itself, and denies any remaining allegation in Paragraph 160.

161. In response to Paragraph 161, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

162. American-Amicable denies the allegations in Paragraph 162 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162, and therefore, denies the same.

163. American-Amicable denies the allegations in Paragraph 163 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163, and therefore, denies the same.

164. American-Amicable denies the allegations in Paragraph 164 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 164, and therefore, denies the same.

165. American-Amicable denies the allegations in Paragraph 165 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 165, and therefore, denies the same.

166. American-Amicable denies the allegations in Paragraph 166.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

167. American-Amicable denies the allegations in Paragraph 167 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167, and therefore, denies the same.

168. Paragraph 168 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.390(12) and RCW 19.86 referenced in Paragraph 168, which speak for themselves, and denies any remaining allegation in Paragraph 168.

169. Paragraph 169 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.400(4) and RCW 19.86 referenced in Paragraph 169, which speak for themselves, and denies any remaining allegation in Paragraph 168.

170. In response to Paragraph 170, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

171. American-Amicable denies that it violated RCW 80.36.390 or the Washington Consumer Protection Act. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171, and therefore, denies the same.

172. American-Amicable denies that it violated RCW 80.36.400 or the Washington Consumer Protection Act. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 172, and therefore, denies the same.

173. American-Amicable denies the allegations in Paragraph 173 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 173, and therefore, denies the same.

174. American-Amicable denies the allegations in Paragraph 174.

175. American-Amicable denies the allegations in Paragraph 175 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 175, and therefore, denies the same.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

176. Paragraph 176 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 U.S.C. § 227, which speaks for itself, and denies any remaining allegation in Paragraph 176.

177. Paragraph 177 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.390(13), which speaks for itself, and denies any remaining allegation in Paragraph 177.

178. Paragraph 178 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.400(4), which speaks for itself, and denies any remaining allegation in Paragraph 178.

179. Paragraph 179 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 19.86.090.

180. In response to Paragraph 180, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

181. American-Amicable denies that Plaintiff is entitled to the relief requested or any relief from American-Amicable. American-Amicable denies the remaining allegations in Paragraph 181 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 181, and therefore, denies the same.

182. American-Amicable denies the allegations in Paragraph 182 concerning American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 182, and therefore, denies the same.

183. American-Amicable denies the allegations in Paragraph 183.

184. American-Amicable denies the allegations in Paragraph 184.

///

///

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

## JURY DEMAND

185. The allegations in Paragraph 185 do not require a response.

## PRAYER FOR RELIEF

186. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 186 or any relief from American-Amicable.

187. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 187 or any relief from American-Amicable.

188. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 188 or any relief from American-Amicable.

189. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 189 or any relief from American-Amicable.

190. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 190 or any relief from American-Amicable.

191. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 191 or any relief from American-Amicable.

192. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 192 or any relief from American-Amicable.

193. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 193 or any relief from American-Amicable.

194. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 196 or any relief from American-Amicable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Failure to State a Claim

Plaintiff has failed to state a claim upon which relief can be granted, and, therefore, the claims against American-Amicable should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

**Second Affirmative Defense: Consent**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's requisite permission or consent to be contacted by engaging in actions which demonstrated her consent.

**Third Affirmative Defense: No Injury**

Plaintiff's claims are barred, in whole or in part, because she suffered no legally cognizable injury. To the extent Plaintiff sustained any damages, which is denied, such damages are *de minimis* and not actionable.

**Fourth Affirmative Defense: Equitable Defenses**

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and unclean hands. Among other things, Plaintiff invited and welcomed the alleged telephone calls in an effort to manufacture and pursue litigation.

**Fifth Affirmative Defense: Not a Residential Line**

Plaintiff's claims fail because she cannot prove that a telephone number belonging to a residential telephone subscriber was called or that the alleged calls were made to a residential line.

**Sixth Affirmative Defense: Applicable Statutes and Regulations**

American-Amicable pleads the applicability of all relevant parts of the prior versions of 47 U.S.C. § 227, 47 C.F.R. § 64.1200, and R.C.W. 80.36 *et seq*. placing restrictions on telephone calls that may have been in effect during the time of the events alleged in the Plaintiff's Complaint.

**Seventh Affirmative Defense: Applicable Federal Exemptions and Exceptions**

American-Amicable incorporates by reference herein all provisions set forth within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth thereunder.

**Eighth Affirmative Defense: Applicable State Exemptions and Exceptions**

American-Amicable incorporates by reference herein all provisions set forth within R.C.W. 80.36 *et seq.* (including prior versions and applicable regulations) and relies herein on any safe harbor



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth thereunder. In particular, and without limitation, American-Amicable pleads the exemption set forth in R.C.W. 80.36.390(1)(b)(i).

**Ninth Affirmative Defense: Exceptions to Do-Not-Call Registry Liability**

American-Amicable pleads the applicability of the exceptions to liability set forth in 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

**Tenth Affirmative Defense: McCarran Ferguson Act**

American-Amicable pleads the application of reverse preemption of 47 U.S.C. § 227 and related regulations by applicable state insurance laws through the operation of the McCarran Ferguson Act.

**Eleventh Affirmative Defense: Hobbs Act**

American-Amicable would show that the Hobbs Act cannot be constitutionally applied to deprive American-Amicable of the defenses it has under the TCPA or regulations promulgated thereunder.

**Twelfth Affirmative Defense: Failure to Mitigate Damages**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate her damages, and as a result, any judgment for Plaintiff must be reduced by any portion of damages which could have been avoided had appropriate steps been taken.

**Thirteenth Affirmative Defense: Third Party Responsible**

Plaintiff's damages, if any, and none being admitted, were not caused by American-Amicable, but by another person or entity, for whom American-Amicable is not responsible over and whose activities American-Amicable exercises no control and/or has no right to control.

///

///

///

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

**Fourteenth Affirmative Defense: Lack of Vicarious Liability**

The Complaint fails to state a plausible claim for any liability under any theory of vicarious liability. American-Amicable does not have direct liability under the TCPA or the Revised Code of Washington or applicable regulations, nor can it have vicarious liability under same based on any agency theory or theory of ratification. Plaintiff cannot meet her burden of establishing that American-Amicable has either direct liability or vicarious liability in this case when it did not control the manner or means by which the alleged telephone calls were made and did not knowingly accept any benefits or otherwise ratify any alleged improper conduct.

**Fifteenth Affirmative Defense: Due Process**

Plaintiff's claims are barred, in whole or in part, because the imposition on American-Amicable of statutory damages and/or exemplary/punitive damages under the TCPA or the Revised Code of Washington would violate the Due Process provisions of both the United States Constitution and the Washington Constitution.

**Sixteenth Affirmative Defense: Statute of Limitations**

American-Amicable pleads any and all applicable statute of limitations.

**Seventeenth Affirmative Defense: FCC Exceeding Authority**

The Plaintiff's claims are barred, in whole or in part, to the extent they are based on orders or regulations that exceed the FCC's delegated authority.

**Eighteenth Affirmative Defense: No Willful Violation**

American-Amicable has not willingly or knowingly violated any provision, subsection, or regulation under the TCPA or the Revised Code of Washington, and, therefore, the Plaintiff is not entitled to treble or enhanced damages.

///

///

///

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

**Nineteenth Affirmative Defense: Equitable Allocation and Set Off**

Any damages sustained by the Plaintiff must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than American-Amicable, including third parties, under the principles of equitable allocation, recoupment, set off, proportionate responsibility, and/or comparative fault. American-Amicable is also entitled to a set off of any recovery Plaintiff recovers from other parties or third parties related to the same alleged violations.

**Twentieth Affirmative Defense: No Future Harm**

Plaintiff's claim for injunctive relief is barred because there is no continuing harm or real and immediate danger of injury in the future.

**Twenty-First Affirmative Defense: First Amendment**

Plaintiff's claims are barred, in whole or in part, because the alleged telephone calls constitute commercial speech protected by the First Amendment of the U.S. Constitution.

**Twenty-Second Affirmative Defense: Lack of Standing**

Plaintiff lacks standing to assert any claims based on the alleged telephone calls because Plaintiff has not suffered the requisite harm required to confirm standing under Article III of the U.S. Constitution.

**Twenty-Third Affirmative Defense: Lack of Personal Jurisdiction**

The Court lacks personal jurisdiction over American-Amicable, and, therefore, the claims against American-Amicable should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

**Twenty-Fourth Affirmative Defense: No Class Adjudication**

The Plaintiff is unable to meet its burden of establishing that this action is appropriate for class adjudication. Among other things, the Plaintiff will be unable to identify the members of the putative class and show that the unnamed class members are ascertainable. The Plaintiff will also be unable to show that she is an adequate class representative or show that common issues predominate over individualized issues.

## RESERVATION OF RIGHTS

American Amicable states that, following completion of discovery and investigation into this matter, additional defenses may become available. American Amicable reserves the right to assert additional defenses that may be discovered in the course of these proceedings.

Dated: March 10, 2026

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*s/ Christopher S. Marks*
Christopher S. Marks, WSBA #28634
Attorney for Defendant
AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

I certify that on March 10, 2026, a copy of the foregoing document was served on all parties as stated below. This firm is counsel for Defendant American Amicable Life Insurance Company of Texas and will have copies of the original of this document as well.

**Via Email**

Peter Schneider
Northwest Debt Resolution, LLC
10900 4th Street, Ste 2300
Bellevue, WA 98004
Telephone: 206-800-6000
Telephone: 971-800-6000
Facsimile: 206-800-6015
Email: peter@nwdebtresolution.com
nathen@nwdebtresolution.com

*Attorney for Plaintiff Rebecca Higdon*

Signed at Los Angeles, California on March 10, 2026.

s/Lissette M. Fernandez
NELSON MULLINS RILEY & SCARBOROUGH LLP
350 South Grand Avenue, Suite 2200
Los Angeles, CA 90071
Telephone: 424.221.7470
Email: lissette.fernandez@nelsonmullins.com