UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBECCA HIGDON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS,<br><br>Defendant. | NO. 3:26-cv-05187-JHC<br><br>1st AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, ET SEQ, WASHINGTON TELEPHONE SOLICITATION ACT, RCW 80.36.390, WASHINGTON AUTOMATIC DIALING & ANNOUNCING DEVICE ACT, RCW 80.36.400, AND WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 ET SEQ<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, Rebecca Higdon, on behalf of herself and others similarly situated and complains against AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS, and for cause of action against the Defendants complains and alleges as follows:

## I. INTRODUCTION

1. There are telemarketers in America whose long-term business model is placing lots and lots of unsolicited calls and robocalls.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

2. Companies who sell a particular widget are looking for customers interested in such widgets, and telemarketers are eager to introduce widget makers with possibly interested customers.

3. Some telemarketers call all the phone numbers they can, playing pre-recorded or artificially generated speech about widgets.

4. The telemarketer does this to build up a pool of valid phone numbers, noting key demographics of the people behind the phone numbers like age, gender, interests, or location.

5. When the telemarketer strikes a deal with a specific widget maker to find potential customers, the telemarketer goes to their calling pool, and calls the people that fit the widget maker's specified customer profile.

6. And call them again and again and again.

7. When the telemarketer finds a consumer they can sell to a widget maker, they call that person a "Lead."

8. The telemarketer passes the Lead to a widget maker for monetary gain, the widget maker is happy to have someone to pitch their widgets to, and everyone in the loop gains something.

9. This is with the exception of consumers like the Plaintiff and individuals in the proposed class, who don't want the phone calls.

10. As former Senator Fritz Hollings once stated:

> "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."

11. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls in violation of the Telephone Consumer Protection Act ("TCPA") and similar Washington State telemarketing laws.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

## II. PARTIES, JURISDICTION & VENUE

12. The Plaintiff is a resident of Clark County, Washington, and was a resident of Washington State at all times relevant and material to this complaint.

13. Defendant American-Amicable Life Insurance Company of Texas ( “Defendant”) is a Florida company with its corporate address of 425 Austin Ave, Waco TX 76701.

14. American Amicable regularly solicits business from Washington State residents and does substantial business in Washington State.

15. The acts alleged in this complaint occurred in Clark County, Washington State, during the last four years.

16. The acts alleged in this complaint were done by the Defendant or by agents acting under the authority of the Defendant.

17. This Court has subject-matter jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

18. This Court has specific personal jurisdiction over the Defendant marketed, issued, sold, or administered the subject policy/contract to Plaintiff and has purposefully availed itself of the privilege of conducting business activities within Washington State, and Plaintiffs' claims arise directly out of or relate to those activities.

19. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1441(a) because Defendant removed this action from the Superior Court of Washington for Clark County to the United States District Court for the Western District of Washington. Venue is further proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's and the putative class members' claims occurred within this Judicial District.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

## III. FACTUAL ALLEGATIONS

**Plaintiff Rebecca Higdon**

20. The Plaintiff is the subscriber and regular user of the 360-area code phone number that received the calls.

21. The Plaintiff uses her cell phone number for personal use only, as one would use a landline.

22. The Plaintiff registered her 360-area code cell phone number on the Federal Trade Commission's national do not call registry more than four years and a day prior to the commencement of this lawsuit.

23. At no time relevant to this lawsuit did the Plaintiff consent to any calls from the Defendant or its agents that contained artificial or pre-recorded voice.

24. At no time relevant to this lawsuit did the Plaintiff consent to any insurance sales calls from the Defendant or its agents.

25. For the last four years the Plaintiff has received unwanted insurance solicitation calls from the Defendant and its agents.

26. The Plaintiff has been getting a steady stream of calls like those described below for as long as she can remember.

27. The Defendant and its agents had a pattern and practice of telephone soliciting the Plaintiff even though she frequently demanded they stop calling her.

**Robocalls**

28. If the Plaintiff answered the Defendant's calls, she was often greeted by an artificial or prerecorded voice which, after automatically playing its announcement, transferred the call to a live agent who then engaged the Plaintiff in conversation.

29. The Plaintiff could tell which calls were pre-recorded because they were impersonal, had long pauses, used the same format and content, used the same man's or woman's



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

voice, could not converse normally, contained reading a script type intonation and pauses, and then handed the call off to a live agent who engaged in conversation.

30. The Plaintiff could tell these calls were from the same entity because they used the same man's or woman's voice and the robocall portion of the calls used the same format and content, and were selling the same product.

**The Calls**

31. The list below is a non-exhaustive list of phone calls the Plaintiff has received this year, each of them from the Defendant or its agents, selling the Defendant's final expense insurance:

| Call # | Date | Calling # | DNC | Robo | 30S | Spoofed |
|---|---|---|---|---|---|---|
| On March 8, 2008, Ms. Higdon registered her phone number on the FTC's *do-not-call* registry. | | | | | | |
| 1 | 7/31/2025 | | | ✓ | ✓ | |
| 2 | 8/14/2025 | 302 309 2832 | ✓ | ✓ | ✓ | ✓ |
| 3 | 8/27/2025 | 360 803 6270 | ✓ | ✓ | ✓ | ✓ |
| 4 | 9/29/2025 | 360 573 7950 | | ✓ | ✓ | ✓ |
| 5 | 10/21/2025 | | | ✓ | ✓ | |
| On 10/22/2025 Ms. Higdon used a reasonable written means **#1** to tell American Amicable she was being harassed by callers selling American Amicable insurance and asking American Amicable to put her phone number on their *do-not-call* list. American Amicable denies knowledge of this DNC request. | | | | | | |
| 6 | 10/27/2025 | | | ✓ | ✓ | |
| 7 | 10/28/2025 | 360 203 3286 | | ✓ | ✓ | ✓ |
| 8 | 10/29/2025 | | | ✓ | ✓ | |
| 9 | 1/7/2026 | 360 730 1146 | | ✓ | ✓ | ✓ |
| On 1/9/2025 Ms. Higdon used a reasonable written means **#2** to ask American Amicable to stop calling her phone number. American Amicable denies knowledge of this DNC request. | | | | | | |
| On 1/27/2026 American Amicable was served the original complaint in this lawsuit and shortly after knew or should have known who Ms. Higdon was to them and that she didn't want American Amicable's phone calls. | | | | | | |
| 10 | 1/16/2026 | 360 713 0479 | | ✓ | ✓ | ✓ |
| 11 | 1/30/2026 | 360 529 8681 | | | ✓ | ✓ |



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

<table>
<tr><td colspan="7">On 1/30/2026, Ms. Higdon received a call from “Anna with Senior Care Benefits”. The purpose of the call was pitching American Amicable life insurance. Eventually a “Tim” sold Ms. Higdon an American Amicable life insurance policy.</td></tr>
<tr><td colspan="7">In a letter dated 1/31/2026, American Amicable told Ms. Higdon that her application for life insurance 0112358420 had been declined. In discovery American Amicable disclosed that their agent who sold policy was Timothy Shashkov with address 1345 Towne Lake Hills South Drive, Nos. 100-108, Woodstock, GA 30189.</td></tr>
<tr><td colspan="7">On 2/6/2026 Ms. Higdon used a reasonable written means #3 to tell American Amicable that she had just gotten a call quoting a $5,000 American Amicable policy for $23, and again asking American Amicable to put her phone number on their do-not-call list. American Amicable denies knowledge of this DNC request.</td></tr>
<tr><td>12</td><td>2/7/2026</td><td>360 737 0999</td><td></td><td></td><td>✓</td><td>✓</td></tr>
<tr><td>13</td><td>2/24/2026</td><td>302 231 2465</td><td></td><td></td><td>✓</td><td></td></tr>
<tr><td colspan="7">On 2/24/2026 an American Amicable insurance agent called Ms. Higdon and solicited her an American Amicable insurance policy. American Amicable communicated to Ms. Higdon that the American Amicable phone agent had the authority to sell this policy over the phone by issuing policy number #30222312465, communicating that policy number to the phone agent, who then communicated that policy number to Ms. Higdon.<br><br>Ms. Higdon reasonably believed that the agent selling the American Amicable policy #30222312465 had the authority from American Amicable to sell American Amicable’s insurance policies by selling her an American Amicable policy over the phone because who other than an American Amicable insurance agent can sell American Amicable insurance.<br><br>In discovery American Amicable disclosed that their agent who sold policy was Hina Aziz with address 254 Chapman Road, Suite 23565, Newark, DE 19702.</td></tr>
<tr><td colspan="7">On 2/24/2026 Ms. Higdon used a reasonable written means #4 to tell American that she was getting further harassment from people calling her trying to sell her final expense insurance and that she had purchased a policy to find out who was behind it and they had sold her an American Amicable policy, and that she didn’t want it and to stop the people trying to sell her American Amicable policies. It invited American Amicable to call her “if you have  any questions about the calls I received and this sales call”. American Amicable denies knowledge of this DNC request.</td></tr>
</table>



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

<table>
<tr><td colspan="7">On 2/25/2026 Ms. Higdon used a reasonable written means #5 to tell American Amicable she was still getting calls selling American Amicable policies, and that she had purchased policy #3022312465 to find out who was behind the calls and stop them, that she didn’t want the policy, for American Amicable to cancel it, and to put her phone number on American Amicable's do-not call list. It invited American Amicable to call her “if you have  any questions about the calls I received and this sales call”. American Amicable denies knowledge of this DNC request.</td></tr>
<tr><td colspan="7">On 3/2/2026, Ms. Higdon received a call from a Samuel Peterson who identified himself as "from American Amicable Life Insurance" reminding her that there was a scheduled life insurance payment for March 5, 2026, and Ms. Higdon needed to have $14.91 in her account for it.  Mr. Peterson called from 509 203 4628.</td></tr>
<tr><td colspan="7">On 3/5/2026 a Martha identifying herself as from American Amicable called Ms. Higdon from 254 297 2777 to say that “the two policies that were pending in new [American Amicable] business have been declined” and American Amicable canceled them both.  She went on to say that Ms. Higdon could register her phone number on donotcall.gov.<br><br>Martha canceled the policies because American Amicable came to learn there was litigation between the parties. If it wasn’t for that American Amicable would have taken the money and not canceled the policies.<br><br>Both policies were sold to Ms. Higdon in the 12 months preceding the 2/24/2026 call, and from a phone call initiated by an American Amicable insurance agent to Ms. Higdon’s phone number and initiated more than 10 business days after Ms. Higdon specifically told American Amicable to put her number on their do-not-call list.</td></tr>
<tr><td>14</td><td>4/1/2026</td><td>302 231 2465</td><td></td><td></td><td>✓</td><td></td></tr>
<tr><td colspan="7">On 4/1/2026 Ms. Higdon received a call from a man with phone number 302 231 2465 who said her American Amicable policy was not approved and he was calling to reprocess the application with American Amicable and “help her out today”. The call dropped and the man called back from 302 231 2465, saying his name was Danny Jose Garcia.</td></tr>
</table>



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

| | | | | | | |
|---|---|---|---|---|---|---|
| On 4/13/2026 Ms. Higdon used a reasonable written means **#6** to tell American Amicable that on 4/1/2026 she got a call from an insurance agent who was involved in prior unwanted final expense calls and that if he had sold her another American Amicable policy she didn't want it. She told American Amicable the calling number was 302 231 2465 and reiterated her do-not-call request. It invited American Amicable to call her "if you have questions about the calls I am receiving from you or your telemarketers". American Amicable denies knowledge of this DNC request. | | | | | | |
| 15 | 5/4/2026 | 360 869 0370 | | ✓ | ✓ | 360 869 0370 |
| On 5/4/2026 Ms. Higdon received a call from "Zach with Financial Health Care for Seniors" who went on to say "I'm with American Benefits". He passed her to Neil a "final expense product specialist" who pitched her American Amicable insurance. The calling phone number was 360 869 0370. They called back from 610 440 2202 and said they sold her an American Amicable final expense insurance policy. | | | | | | |
| On 5/4/2026 Ms. Higdon used a reasonable written means **#7** to tell American Amicable that she got a call from a Neil Caffrey at phone number 413 562 1692 and extension 1223 claiming to be selling American Amicable life insurance so she had purchased one to see if it was true, and if so cancel and refund it. It invited American Amicable to call her "if you have questions about the calls I am receiving from you or your telemarketers or agents and I am happy to help". American Amicable denies knowledge of this DNC request. | | | | | | |
| 16 | 6/23/2026 | 360 978 6540 | | ✓ | ✓ | ✓ |
| On 6/23/2026 Ms. Higdon received a robocall from "Luna from the Senior Protection Center" selling American Amicable final expense insurance. Then a man calling himself Jason Moran got on the line and said he was there to provide a better option for a final expense insurance plan. He then asked Ms. Higdon if she had another phone number "because this number is registered on do not call list". Mr. Moran was calling for an August Johnson who pitched Ms. Higdon an American Amicable policy and entered Ms. Higdon's name and information into American Amicable's process for pricing or quoting or originating or creating an insurance policy.<br><br>In discovery American Amicable disclosed that their agent was August Johnson with address 4829 Sun Falls Drive, Katy, TX 77493. | | | | | | |
| On 7/9/2026 Ms. Higdon used a reasonable written means **#8** to send another do-not-call request to American, and it invited American Amicable to call her "if you have questions about the calls I am receiving from you or your telemarketers". American Amicable denies knowledge of this DNC request. | | | | | | |



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

32. "DNC" means during the call, the Plaintiff asked for no more calls.

33. "30S" means the caller did not identify on whose behalf the call was made within the first 30 seconds of the call.

**False or Misleading Caller ID & Failure to Identify**

34. Spoofed means the caller transmitted fake or misleading caller ID information such that a call back to the transmitted number did not and could not reach the Defendant or its agents.

35. The Plaintiff knew what numbers were spoofed from calling them back and reaching disconnected numbers or numbers obviously not associated with Defendant or its agents.

36. In each of these calls there was conversation between the Plaintiff and the Defendant or its agents.

37. In none of these calls did the callers identify who they were calling on behalf of, or the name of who they were calling from, during the first 30 seconds of the call.

38. Typically, they never identified who the caller actually was, but if the call progressed far enough they would reveal they were calling to sell the Defendant's insurance.

39. Except for the 2/24/2026 call, in none of these calls did the caller provide a telephone number or address at which the person or entity calling could be contacted.

40. Except for the 2/24/2026 call, in none of these calls did the caller provide a telephone number or address at which the person or entity calling could be contacted to make a do-not-call request.

41. The callers had the capacity to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failed to do so.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

42. The callers had the capacity to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed and willfully failed to do so..

43. In none of the calls where the Plaintiff asked them to stop calling did the caller inform the Plaintiff that her contact information would be removed from the telephone solicitor's telephone lists for at least one year.

**Ratification**

44. In discovery the Defendant was asked: "List the date of each instance you received a do-not-call request for phone number (360) 721-3115. This request is limited in time to five years prior to today."

45. On 9/11/2026 the Defendant responded: "After conducting a reasonable inquiry, American-Amicable has not identified any information responsive to this request."

46. In discovery the Defendant was asked: "If you received any communication from the Plaintiff regarding any phone call or insurance policy that caused you to perform any investigation into why that phone call was initiated to the plaintiff or how that policy was sold to the Plaintiff, what was the investigation, identify the person or persons who performed the investigation such that they may be served with a subpoena, and what was the outcome or consequences of the investigation(s)."

47. On 9/11/2026 the Defendant responded: "American-Amicable has no information responsive to this request. American-Amicable is unaware of any communication from the Plaintiff regarding the Alleged Calls other than the pleadings in this action."

48. The Defendant received **eight** written *do-not-call* requests and the ultimate do-not-call request – a summons and complaint – yet the Defendant and its agents continued calling the Plaintiff.

49. Despite eight written *do-not-call* requests, five of which contained specific actionable information about the source of the unwanted calls selling the Defendant's insurance



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

and five of them specifically inviting the Defendant to call the Plaintiff if the Defendant had any questions about those calls, the Defendant responded to discovery that it had no information about a single one of them.

50. This is because the Defendant turned a blind eye towards the actions of its agents illegally selling the Defendant's insurance policies over the phone.

51. The Defendant does not want to know about agents illegally selling the Defendant's insurance policies over the phone so each time they received one of the Plaintiff's eight written *do-not-call* requests, five of which contained specific actionable information about the source of the unwanted calls selling the Defendant insurance and five of them specifically inviting the Defendant to call the Plaintiff if the Defendant had any questions about those calls, the Defendant just put those communications in the trash such that even to meet their burden to produce them in discovery, they could not find them.

52. Because the Defendant put each of the Plaintiff's written do-not-call communications in the trash, it knew or should have known the Plaintiff was being harassed by its agents selling the Defendant's insurance policies, the Defendant could not and did not instruct any of its agents to put the Plaintiff's phone number on their internal do-not-call list.

53. The Defendant wants the results of the illegal calls – more policies sold – but doesn't want the liability so each time it is told anything about unwanted and illegal calls it puts its head in the sand and pretends it didn't get the communication.

54. The Defendant pays lip service to being against illegal telemarketing calls, but as the facts of this lawsuit demonstrate, despite a long series of *do-not-call* letters with specific actionable facts including the names and phone numbers and policies sold by its agents involved in illegally telemarketing the Plaintiff, the Defendant did nothing to stop the calls to the Plaintiff.

55. This lawsuit exposes the fact that the Defendant knows many of its agents are making illegal telephone calls and *it does not care*.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

56. Despite **five** of the Plaintiff's **eight** written do-not-call communications inviting the Defendant to call the Plaintiff if the Defendant wanted more information about the unwanted calls she had received, not one time did the Defendant do so because the Defendant never once investigated any of the Plaintiff's unwanted phone calls.

57. The Defendant could not possibly have done a proper investigation into the long series of unwanted phone calls pitching the Defendant policies to Plaintiff without interviewing the prime witness in the case – the Plaintiff.

**American Amicable's Business Practices**

58. The Defendant only allows its agents to sell the Defendant's insurance.

59. The Defendant does not allow agents unknown to the Defendant, and that are not approved, to sell consumers the Defendant's insurance.

60. Prior to the 3/5/2026 voicemail, the Plaintiff had only been aware of one final expense policy number.

61. The Defendant does not sell identical final expense policies to the same person on the same call. This proves the Defendant was aware or should have been aware its agents sold the Plaintiff a policy on a different date.

62. The Defendant knew which of their insurance agents sold the Plaintiff each of the policies (this information was produced by the Defendant) mentioned in the voicemail at the time the insurance policies were sold to the Plaintiff.

63. On information and belief, the Defendant keeps a list ("TCPA litigator list") of phone numbers associated with individuals who have filed TCPA lawsuits in the past.

64. On information and belief, the Defendant instructs its agents not to submit applications for insurance that were obtained from persons whose phone numbers are on the TCPA litigator list at the time they were texted or called by the Defendant's agents.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

65. The Defendant underwrites the insurance policies marketed by its agents and guarantees the policies.

66. When an agent sells the Defendant's insurance policy to a consumer, the premium is paid directly to the Defendant.

67. The agent that sells the policy then receives a commission, which is paid by the Defendant to the agent.

**The Plaintiff's Do-Not-Call Requests and DNC Registry**

68. The Plaintiff reasonably expected her do-not-call requests to the Defendant's agents selling final expense insurance applied to the entity they were calling for – American Amicable – the seller of final expense insurance.

69. Even though the Plaintiff had registered her phone number on the FTC's do-not-call registry in 2008, the Defendant indicated in the 3/5/2026 phone call that the Defendant was still unaware that the Plaintiff's phone number was registered on the FTC's do-not-call registry.

70. On information and belief, the only list the Defendant checks is the "litigator list."

**American Amicable's Agent Told Ms. Higdon to Commit Suicide**

71. To identify exactly who was behind all the unwanted calls pitching the Defendant's insurance, on January 16, 2026, the Plaintiff attempted to purchase insurance from the caller.

72. The call started out like other solicitation calls from the Defendant and its agents, with the same woman's voice, same call format, and same general script.

73. The caller took the Plaintiffs specific details, put that information into the Defendant's pricing system, and received a policy price from the Defendant to communicate back to the Plaintiff.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

74. The caller would only accept payment by bank account and the Plaintiff did not have that information available, so she proposed to the caller that they bring someone she knew into the call and he might provide his bank account.

75. The caller agreed, and the phone agent asked the friend questions and obtained his bank account information.

76. Then the phone agent brought an American Amicable employee, Trinity, on the line.

77. Behind the scenes the Defendant's agent communicated everything that happened in the calls to Trinity, and the Defendant obtained the friend's phone.

78. Trinity asked the friend a bunch of questions about his payment and relationship with the Plaintiff.

79. Trinity didn't like some of the answers and the Defendant got agitated because it checked and found the friend's phone number was on the TCPA litigator list.

80. At finding this out, Trinity got off the line and then the Defendant's agent got off the line too.

81. On information and belief, the Defendant was agitated that the friend's phone number was on the TCPA litigator list because it knew its agents had been illegally calling the Plaintiff without permission and its was afraid there would be consequences for the illegal calls.

82. On information and belief, after hanging up with the Plaintiff and her friend, the Defendant its agent its fears about the consequences and the Defendant instructed its agent to call the Plaintiff back and harass and threaten her.

83. And that is what the Defendant's agent did.

84. The Defendant's agent then called the Plaintiff back in a new call and said the following things:

**American Amicable agent:** Hello? Yes, Mr. Rebecca, can you hear me?
**American Amicable agent:** Okay, so, Mr. Rebecca, like, what is the relation that you



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

have with Mr. [Friend]? He's your brother?

**American Amicable agent:** But he just mentioned that he's your friend, so now you're mentioning that he's your brother?

**American Amicable agent:** You're calling your brother. But you know that the insurance company is not accepting your policy because he's on the do not call list, he's on the litigator list.

**American Amicable agent:** So why are you guys playing with us? You're trying to, like, sue our company, you know? So, do you guys think that we are stupid?

**American Amicable agent:** Do you think I'm stupid? Do you think I'm stupid?

**American Amicable agent:** You have to tell, you have to tell the people that you stopped calling or something. You don't have to play the game that you're saying that my brother is giving you the information and that person thinks that she's my friend and I'm gonna pay for her policy because she wants my birthday gift or something like that. What is that? This is very bad, you know? You're getting paid by, like, you're taking, like, like scamming people.

**American Amicable agent:** You've got, this is going to be a scam.

**American Amicable agent:** If you can't answer the phone, okay? If you can't answer the phone, so you have to put your number on the do not call list in order to get a list. You have to, like, spend some money for that and put your number on the do not call list and stuff like that.

**American Amicable agent:** You're not doing that. You like to waste people's time because you don't have anything else to do. This is your business that you're doing that you're scamming people.

**American Amicable agent:** Why are you doing that? Because this is your business that you're doing and you're scamming people and you're calling people every day.

**American Amicable agent:** I was, I was honest with you to getting you a good insurance policy, but you, you, you people don't deserve this. You are a very cheap and stupid, okay? Piece of shit.

**American Amicable agent:** You should die, okay? Oh, see? You need to kill yourself. You need to kill yourself, piece of shit.

**American Amicable agent:** Don't waste my time anymore now

**Senior Benefits**

85. These were not the only callers working for the Defendant who called the Plaintiff.

86. Another set of the Defendant's agents identified themselves as "Senior Benefits" and they made many calls to the Plaintiff.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

87. This list below is a non-exhaustive list of phone calls the Plaintiff has received this year, each of them from an agent identifying him or herself as "Senior Benefits" but pitching final expense insurance from the Defendant:

| Call # | Date | Calling # | DNC | 10S | S | Caller pitched insurance from: |
|---|---|---|---|---|---|---|
| 1 | 10/8/2025 | | ✓ | | | Caller named American Amicable |
| 2 | 10/25/2025 | | | | | |
| 3 | 12/11/2025 | 360-792-2863 | | | ✓ | |
| 4 | 12/15/2025 | | ✓ | | | |
| 5 | 1/3/2026 | 360 737 6393 | ✓ | | ✓ | |
| 6 | 1/5/2026 | 360 837 1849 | ✓ | | ✓ | |
| 7 | 1/7/2026 | 360-682-3595 | ✓ | | ✓ | |
| 8 | 1/8/2026 | | | | | |
| 9 | 1/8/2026 | | ✓ | | | |
| 10 | 1/13/2026 | | | | | |
| 11 | 1/14/2026 | 360 321 6308 | | | ✓ | |
| 12 | 1/15/2026 | | ✓ | | | |
| 13 | 1/30/2026 | 360 296 7044 | | | ✓ | |

88. The "Senior Benefits" phone agent pitched the Defendant's insurance on the very first call in the matrix above.

89. The calls were a mix of robocalls and voice calls.

90. The robocalls would start out with an automatic dialing device to dial the calls, and an automatic announcing device would play a prerecorded or artificial voice when the Plaintiff answered the call.

91. After the prerecorded or artificial voice message played, each of those calls transitioned to a live caller and conversation with the phone agent soliciting final expense insurance on behalf of the Defendant.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

## IV. CLASS ACTION

92. **Class Definition:** The Plaintiff brings this class action lawsuit pursuant to FRCP 23, and seeks certification of the following Classes:

**NATIONWIDE CLASSES**

**DNCR Class**: The Plaintiff and all persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) the person received more than one telemarketing call from the Defendant, or from a third party acting on Defendants' behalf, (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

**Pre-recorded No Consent Class**: The Plaintiff and all persons within the United States who at any time within the four years prior to the filing of the Complaint. (1) the Defendant, or a third party acting on the Defendant's behalf, called their telephone number (2) used an artificial or pre-recorded voice messages to call consumers.

**Identification Class:** All persons within the United States to whom: (1) the Defendant, or a third party acting on Defendant's behalf, made (2) two or more telemarketing calls or text messages in a 12-month period, (3) which either (a) did not transmit a CPN or ANI at all, (b) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, or (c) was made without the transmission of caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (4) within the four years prior to the filing of the Complaint.

**False Or Misleading Caller ID Class**: The Plaintiff and all persons within the United States who at any time within the four years prior to the filing of the Complaint, received a telemarketing call from the Defendant, or from a third party acting on Defendant's behalf, without receiving a phone number on their caller ID that would permit the called party to make a do-not-call request during regular business hours or did not receive the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed on their caller ID.

**Procedures Class:** All persons within the United States to whom: (1) the Defendant, or a third party acting on Defendant's behalf, sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

## WASHINGTON STATE CLASSES

**WA DNCR Class:** The Plaintiff and all persons within Washington State: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telemarketing call from the Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

**WA Removal Class**: The Plaintiff and all persons within Washington State who within the four years prior to the filing of the Complaint, (1) the Defendant, or a third party acting on Defendant's behalf, was told by the called party that he or she did not want to be called or again and the Defendant made additional telemarketing calls to the called party within the year.

**WA 30 Second Class:** The Plaintiff and all persons within Washington State who at any time within the four years prior to the filing of the Complaint, the Defendant or a third party acting on Defendant's behalf, placed a telemarketing call without identifying him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first 30 seconds of the telephone call.

**WA Automatic Dialing & Announcing Device Class**: The Plaintiff and all persons within Washington State who at any time within the four years prior to the filing of the Complaint, (1) the Defendant, or a third party acting on Defendant's behalf, called on their telephone number using an (2) automatic dialing and announcing device.

**WA Spoofed Number Class**: The Plaintiff and all persons within Washington State who at any time within the four years prior to the filing of the Complaint, the Defendant, or a third party acting on Defendant's behalf, called for the purpose of encouraging the recipients to purchase property, goods, or services while causing the caller identification service to transmit caller identification information at which the Defendants or their agents could not be reached.

**WA Don't Call Again Class**: Plaintiff and all persons within Washington State who during the telephone contact with the Defendant, or a third party acting on Defendant's behalf, stated or indicated that he or she does not want to be called again by the Defendant or wants to have his or her name, individual telephone number, or other contact information removed from the telephone lists used by the Defendant and the Defendant:

**(a)** Did not inform the called party that his or her contact information will be removed from the telephone solicitor's telephone lists for at least one year; or
**(b)** Did not end the call within 10 seconds; or
**(c)** Made additional telephone solicitations of the called party at any telephone number that the called party has requested be removed from the solicitor's telephone lists for a period of at least one year



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

93. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

94. **Typicality**: The Plaintiff's claims are typical of the claims of other Class members in that the Plaintiff, and Class members, sustained damages arising out of the Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of the Defendant's uniform illegal conduct.

95. **Adequacy**: The Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. The Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and the Defendant has no defenses unique to Plaintiff.

96. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

a) Whether the Defendant and its agents made multiple calls to Plaintiff and members of the DNCR Class;

b) Whether the Defendant obtained "prior express invitation or permission" under the TCPA before the calls at issue;

c) Whether the Defendant and its agents made calls to the Plaintiff and members of the Internal DNC class after having been requested that such calls cease;

d) Whether the Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

e) The number of calls the Defendant and its agents initiated to persons located in the United States and Washington State from or on behalf of the Defendant;



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

f) Damages, including whether any violations were performed willfully or knowingly, such that the Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5)(C) & RCW 19.86.090;

g) Whether the Defendant and its agents transmitted CPN or ANI and its name in the caller ID information, when provided as an option by their telephone carrier, to Plaintiff and members of the Telemarketing Caller ID class, and whether such numbers could have been called during regular business hours to lodge a do not call request;

h) Whether the Defendant and its agents identified him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first 30 seconds of the telephone call, or at all;

i) Whether the Defendant and its agents transmitted inaccurate or misleading caller ID;

j) Whether the Defendant and its agents conduct constitutes a violation of the TCPA and state law regulations; and

k) Whether members of the Classes are entitled to treble damages based on the willfulness of the Defendant's conduct.

97. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

98. In addition to satisfying the prerequisites of FRCP 23(a), Plaintiff satisfies the requirements for maintaining a class action under FRCP 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

c. The Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

99. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

100. Excluded from the Classes are the Defendants and any entities in which the Defendants have a controlling interest; the Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

## V. CAUSES OF ACTION
## ALLEGATIONS APPLICABLE TO ALL COUNTS

101. The Defendant and its agents are "telemarketers" as defined by 47 CFR § 64.1200(f)(12).

102. The Defendant and its agents are "sellers" as defined by 47 CFR § 64.1200(f)(10).

103. All of the calls the Defendant and its agents made to the Plaintiff and proposed Classes were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

104. The Defendant and its agents are telephone agents engaged in "telephone solicitation" to the Plaintiff and proposed Classes as defined by RCW 80.36.390(1)(a).

105. The Defendant and its agents made "telephone calls" to the Plaintiff and proposed Classes as defined by RCW 80.36.390(1)(c).

106. The Defendant and its agents are "telephone solicitors" as defined by RCW 80.36.390(4).

107. The Defendant and its agents utilized an "automatic dialing and announcing device" as defined by RCW 80.36.400(1)(b).

108. The Defendant and its agents engaged in "commercial solicitation" to the Plaintiff and proposed Classes as defined by RCW 80.36.400(1)(b).



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

109. The Defendant and its agents are "persons" as defined by RCW 19.86.010(1).

110. The Defendant and its agents engaged in "trade" and "commerce" with Washington State residents as defined by RCW 19.86.010(2).

111. The calls were initiated to encourage the Plaintiff to purchase goods and/or services from the Defendant.

112. The phone ringing finding out it is a sales call was an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of her time.

113. Answering the phone takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

114. Trying to figure out who is behind the calls is obnoxious and costs the Plaintiff time.

**COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. 227(c)**

115. Pursuant to 47 U.S.C. § 227(c), it is unlawful for a person to initiate a telephone solicitation to residential telephone subscribers who have registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations.

116. The Plaintiff re-alleges the previous paragraphs supra.

117. The Plaintiff registered her telephone number on the national do-not-call registry of people who do not wish to receive telephone solicitations more than 31 days prior to the calls subject to 47 CFR § 64.1200(c)(2).

118. The Defendant and its agents violated 47 U.S.C. § 227(c)(2) by calling the Plaintiff's telephone without invitation or consent.

119. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. § 227 applies to the calls.

120. The Defendant instructed its phone agents to not identify themselves to the Plaintiff because it knew it was illegally calling the Plaintiff and it wanted to prevent the Plaintiff and consumers like her from suing the Defendant for the illegal calls.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

121. The Defendant instructed its agents not to transmit accurate caller ID information for the same reason – preventing lawsuits for the illegal calls.

122. The Defendant violated 47 U.S.C. § 227(c) on no fewer than fifty (50) occasions.

123. The Plaintiff has been damaged and injured as a result of these actions.

124. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 2 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. 227(b)**

125. Pursuant to 47 U.S.C. § 227(b), it is unlawful for a person to place telephone calls with an artificial or prerecorded voice.

126. The Plaintiff re-alleges the previous paragraphs supra.

127. The Defendant and its agents violated 47 U.S.C. § 227(b) by calling the Plaintiff's telephone number while using an artificial or prerecorded voice.

128. No exception under 47 C.F.R. § 64.1200 or 47 U.S.C. § 227 applies to their calls.

129. Therefore, the Defendant violated 47 U.S.C. § 227(b) on no fewer than fifty (50) occasions.

130. The Plaintiff has been damaged and injured as a result of these actions.

131. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)**

132. Pursuant to 47 C.F.R. § 64.1200(d), no entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

133. The Plaintiff re-alleges the previous paragraphs supra.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

134. The Defendant did not have procedures for maintaining a list of persons who request not to receive such calls.

135. A required procedure for maintaining a list of persons who request not to receive such calls is to note when you have received a do-not-call-request.

136. The Defendant did not take reasonable steps to prevent further calls to the Plaintiff.

137. The Plaintiff made **eight** do-not-call requests to the Defendant, but the Defendant chose to ignore them.

138. Therefore, the Defendant has violated 47 C.F.R. § 64.1200(d) on no fewer than fifty (50) occasions.

139. The Plaintiff has been damaged and injured as a result of these actions.

140. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 4 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(4)**

141. Pursuant to 47 C.F.R. § 64.1200(d)(4), all artificial or prerecorded voice telephone messages or *any* call for telemarketing purposes shall identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted.

142. The Plaintiff re-alleges the previous paragraphs supra.

143. The Defendant and its agents placed calls to the Plaintiff that never identified the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted to the Plaintiff.

144. Instead, the Defendant and its agents used fake generic names or didn't give a name at all.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

145. Often the Defendant and its agents did not give a telephone number or address where the person or entity could be contacted.

146. The Defendant and its agents are unwilling or unable to comply with 47 C.F.R § 64.1200(d)(4).

147. Therefore, the Defendant violated 64.1200(d)(4) on no fewer than fifty (50) occasions.

148. The Plaintiff has been damaged and injured as a result of these actions.

149. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 5 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(5)**

150. 47 C.F.R § 64.1200(d) states that no person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

150. 47 C.F.R § 64.1200(d)(5) states that in the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular entity making the call (or on whose behalf a call is made).

151. The Plaintiff repeatedly asked the Defendant and its agents to stop calling her.

152. The Defendant and its agents are unwilling or unable to comply with 47 C.F.R § 64.1200(d)(5).

153. Therefore, the Defendant has violated 47 C.F.R. § 64.1200(d)(5) on no fewer than fifty (50) occasions.

154. The Plaintiff has been damaged and injured as a result of these actions.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

155. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 6 - TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1601(e)**

156. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

157. It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

158. The Defendant and its agents violated the TCPA by causing multiple telemarketing calls to be initiated to the Plaintiff in a 12-month period, without providing a CPN or ANI that allows any individual to make a do-not-call request during regular business hours, and by not transmitting the caller ID information required by law.

159. The Plaintiff re-alleges the previous paragraphs supra.

160. That information must include the name of the telemarketer or the seller when available by the telemarketer's carrier, and it must transmit a telephone number such that any individual could make a do-not-call request to the telemarketer or seller during regular business hours.

161. The Defendant and its agents did neither.

162. The Defendant and its agents phone carrier allowed them to transmit the name of the telemarketer or seller, and the Defendant and its agents chose not to transmit this information on any call to the Plaintiff.

163. The Defendant and its agents chose not to transmit a telephone number such that Plaintiff could make a do-not-call request to the telemarketer or seller during regular business hours.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

164. Therefore, the Defendant has violated 47 C.F.R. § 64.1601(e) on no fewer than fifty (50) occasions.

165. The Plaintiff has been damaged and injured as a result of these actions.

166. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 7 – WASHINGTON AUTOMATIC DIALING & ANNOUNCING DEVICE ACT RCW 80.36.400(2)**

167. Pursuant to RCW 80.36.400(2), no person may use an automatic dialing and announcing device for the purposes of commercial solicitation.

168. The Plaintiff re-alleges the previous paragraphs supra.

169. The Defendant and its agents used a device to initiate the artificial or prerecorded voice calls to the Plaintiff.

170. The device the Defendant and its agents used to initiate the artificial or prerecorded voice calls to the Plaintiff automatically dials phone numbers, and when a connection is established, automatically plays an announcement.

171. If the announcement plays successfully, the Defendant and its agents effect a transfer of the call to a live agent selling the Defendant's goods or services.

172. The Defendant and its agents used this device for the purpose of initiating commercial solicitation to the Plaintiff and consumers like her.

173. The Defendant and its agents used an automatic and announcing device for the purposes of commercial solicitation on every artificial or prerecorded voice call they placed to the Plaintiff's residential phone line.

174. Therefore, the Defendant violated RCW 80.36.400(2) on no fewer than fifty (50) occasions.

175. The Plaintiff has been damaged and injured as a result of these actions.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

176. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 8 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(3)**

177. Pursuant to RCW 80.36.390(3), a telephone solicitor must identify themselves and the company or organization on whose behalf the solicitation is being made and the purpose of the call, within the first thirty (30) seconds of the telephone call.

178. The Plaintiff re-alleges the previous paragraphs supra.

179. The Defendant and its agents never identified themselves, the company or organization on whose behalf the solicitation was being made, and the purpose of the call, within the first thirty (30) seconds of the telephone calls to the Plaintiff.

180. Therefore, the Defendant violated RCW 80.36.390(3) on no fewer than fifty (50) occasions.

181. The Plaintiff has been damaged and injured as a result of these actions.

182. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 9 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(7)**

183. Pursuant to RCW 80.36.390(7), when a called party states or indicates they don't want to be called again, a telephone solicitor must inform a called party that their contact information will be removed from the telephone solicitor's telephone list for one year, end the call within 10 seconds, not make additional telephone solicitations on the called party at the phone number requested to be removed from telephone lists for one year, nor provide the called party's contact information to a third party.

184. The Plaintiff re-alleges the previous paragraphs supra.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

185. Despite the Plaintiff telling and indicating she did not want to receive phone calls from the Defendant and its agents, The Defendant and its agents repeatedly and continued to call the Plaintiff within one year.

186. Therefore, the Defendant violated RCW 80.36.390(7) on no fewer than fifty (50) occasions.

187. The Plaintiff has been damaged and injured as a result of these actions.

188. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 10 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(9)**

189. Pursuant to RCW 80.36.390(9), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the do not call registry maintained by the federal government pursuant to 47 U.S.C. § 227 and related regulations, as currently enacted or subsequently amended.

190. The Plaintiff re-alleges the previous paragraphs supra.

191. The Defendant and its agents initiated telephone solicitations to the Plaintiffs telephone number after she caused it to be registered on the do not call registry maintained by the federal government pursuant to 47 U.S.C. § 227 and related regulations, as currently enacted or subsequently amended.

192. Therefore, the Defendant violated RCW 80.36.390(9) on no fewer than fifty (50) occasions.

193. The Plaintiff has been damaged and injured as a result of these actions.

194. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

## COUNT 11 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.390(10)

195. Pursuant to RCW 80.36.390(10), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number that violates 47 U.S.C. § 227(e)(1), as currently written or as subsequently amended or interpreted by the federal government.

196. The Plaintiff re-alleges the previous paragraphs supra.

197. The Defendant and its agents initiated telephone solicitations to the Plaintiff's telephone number while knowingly transmitting misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

198. The Defendant and its agents invaded the Plaintiff's privacy and harassed the Plaintiff while knowingly transmitting misleading or inaccurate caller identification information with the intent of invading the Plaintiff's privacy.

199. The Defendant and its agents invaded the Plaintiff's privacy and harassed the Plaintiff while knowingly transmitting misleading or inaccurate caller identification information with the intent of selling the Plaintiff goods or services via wrongful phone calls.

200. Therefore, the Defendant violated RCW 80.36.390(10) on no fewer than fifty (50) occasions.

201. The Plaintiff has been damaged and injured as a result of these actions.

202. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

## COUNT 12 – WASHINGTON CONSUMER PROTECTION ACT RCW 19.86 ET SEQ

203. Pursuant to RCW 80.36.390(12) a violation of RCW 80.36.390, is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

204. Pursuant to RCW 80.36.400(4) a violation of RCW 80.36.400, is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

205. The Plaintiff re-alleges the previous paragraphs supra.

206. Each of the previously pleaded violations of RCW 80.36.390 by the Defendant against the Plaintiff were also violations of the Washington Consumer Protection Act.

207. Each of the previously pleaded violations of RCW 80.36.400 by the Defendant against the Plaintiff were also violations of the Washington Consumer Protection Act.

208. Therefore, the Defendant violated RCW 19.86 *et seq* on no fewer than fifty (50) occasions.

209. The Plaintiff has been injured and damaged because of the Defendant's actions.

210. The Defendant's actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

## COUNT 13 – INJUNCTIVE RELIEF

211. A Plaintiff may seek injunctive relief for violations of the Telephone Consumer Protection Act. 47 U.S.C. § 227.

212. A Plaintiff may seek injunctive relief for violations of the Washington Telephone Solicitation Act. RCW 80.36.390(13).

213. A Plaintiff may seek injunctive relief for violations of the Washington Automatic Dialing and Announcing Device Act. RCW 80.36.400(4).

214. A Plaintiff may seek injunctive relief for violations of the Washington Consumer Protection Act. RCW 19.86.090.

215. The Plaintiff re-alleges the previous paragraphs supra.

216. The Plaintiff does seek injunctive relief from this Court to enjoin the Defendant's harmful actions towards people within the United States and Washington State in the manner described above. Specifically, The Plaintiff seeks injunctions prohibiting the Defendant from acting in any manner at odds with 47 U.S.C.§ 227(b), 47 U.S.C.§ 227(c), RCW 80.36.390, RCW 80.36.400 and RCW 19.86 *et seq*.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

217. The Defendant's actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.

218. Injunctive relief is necessary to prevent further harm and injury to the Plaintiff, persons in the United States, and the Washington State public as well.

219. Injunctive relief should therefore be granted by this Court.

## VI. JURY DEMAND

220. The Plaintiff demands a trial by jury.

## VII. PRAYER FOR RELIEF

221. WHEREFORE, the Plaintiff prays that the proposed Class be certified under FRCP 23, and that the Plaintiff and her counsel be appointed to represent the Class and for judgment be entered against the Defendant for:

222. The Plaintiff's actual damages;

223. For statutory damages of $1,500.00 per violation of the Telephone Consumer Protection Act;

224. For statutory damages of $1,000.00 per violation of the Washington Telephone Solicitation Act;

225. For statutory damages of $1,000.00 per violation of the Washington Automatic Dialing & Announcing Device Act;

226. For treble damages pursuant to RCW 19.86.090, 47 U.S.C.§ 227(b) and 47 U.S.C.§ 227(c).

227. For the Plaintiff's costs and attorney's fees pursuant to RCW 80.36.390(13), RCW 80.36.400(4) and RCW 19.86.090;

228. For all injunctive relief as pleaded for above;

229. For any and all other relief this Court deems proper.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 971-800-6000
FX: 206-800-6015

DATED September 17, 2026.

NORTHWEST DEBT RESOLUTION, LLC

/s/ Peter Schneider
Peter Schneider, WSBA# 43131
10900 NE 4th Street, Ste. 2300
Bellevue, WA 98004
PH: 971-800-6000
Peter@nwdebtresolution.com
*Attorney for Plaintiff*