Attorney for Defendant
AMERICAN AMICABLE LIFE INSURANCE
COMPANY OF TEXAS

Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBECCA HIGDON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS, and DOES 1-10,<br><br>Defendants. | Case No. 3:26-cv-05187-JHC<br><br>AMERICAN AMICABLE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS<br><br>(Jury Trial Demanded) |

Defendant American Amicable Life Insurance Company of Texas ("American Amicable"), by and through its undersigned counsel, hereby submits its Answer and Counterclaims in response to Plaintiff's First Amended Complaint and states as follows:

## **GENERAL DENIAL**

As a threshold matter, each and every allegation in the First Amended Complaint is expressly denied unless specifically admitted, qualified or explained herein.

///

///

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

## INTRODUCTION

1. Paragraph 1 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore, denies the same.

2. Paragraph 2 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore, denies the same.

3. Paragraph 3 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore, denies the same.

4. Paragraph 4 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore, denies the same.

5. Paragraph 5 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore, denies the same.

6. Paragraph 6 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore, denies the same.

7. Paragraph 7 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore, denies the same.

8. Paragraph 8 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore, denies the same.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

9. Paragraph 9 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore, denies the same.

10. Paragraph 10 does not require a response from American-Amicable. To the extent a response is required, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore, denies the same.

11. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 that allege that calls were transmitted using technology capable of generating thousands of similar calls per day, and therefore, denies the same. American-Amicable denies the remaining allegations in Paragraph 11 including, without limitation, the allegation that alleges this action satisfies the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

**PARTIES, JURISDICTION & VENUE**

12. American-Amicable admits, upon information and belief, the allegations in Paragraph 12.

13. Responding to Paragraph 13, American-Amicable states that it is an insurance company organized and incorporated under the laws of the State of Texas, with its principal place of business in the State of Texas. American-Amicable denies any allegations in Paragraph 13 inconsistent with the above.

14. Responding to Paragraph 14, American-Amicable states that it is authorized to conduct the business of insurance in the state of Washington and that it has issued life insurance policies to residents of Washington state. American-Amicable denies any allegations in Paragraph 14 inconsistent with the above.

15. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore, denies the same.

16. American-Amicable denies the allegations in Paragraph 16.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

17. The allegations in Paragraph 17 regarding whether the Court has subject matter jurisdiction over Plaintiff's claims call for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable denies the allegations.

18. American-Amicable denies the allegations in Paragraph 18.

19. The allegations in Paragraph 19 regarding whether venue in this Court is proper call for a legal conclusion to which no response is necessary. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 that allege that a substantial part of the events or omissions giving rise to the claims occurred in this District, and therefore, denies the same.

## FACTUAL ALLEGATIONS

20. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore, denies the same.

21. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore, denies the same.

22. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore, denies the same.

23. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore, denies the same.

24. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore, denies the same.

25. American-Amicable denies the allegations in Paragraph 25.

26. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore, denies the same.

27. American-Amicable denies the allegations in Paragraph 27.

///

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

28. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore, denies the same. Further responding to Paragraph 28, American-Amicable denies it initiated any of the alleged telephone calls.

29. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore, denies the same.

30. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore, denies the same.

31. American-Amicable denies the allegations in Paragraph 31 that allege that Plaintiff provided American-Amicable with written do-not-call requests at any time prior to the service of the Summons and Complaint in this action. American-Amicable also denies any allegation in Paragraph 31 that can be construed to allege that American-Amicable authorized any person or entity to make the alleged telephone calls or that it ratified any of the alleged calls. American-Amicable admits the allegations in Paragraph 31 that allege that Plaintiff submitted applications for life insurance to American-Amicable on three separate occasions and that American-Amicable declined those applications and did not issue any insurance policies to Plaintiff. American-Amicable makes reference to those applications and denies any allegations in Paragraph 31 inconsistent therewith. American-Amicable denies the allegations in Paragraph 31 that allege that American-Amicable declined Plaintiff's applications because there was litigation between Plaintiff and American-Amicable. American-Amicable admits the allegation in Paragraph 31 that alleges that Plaintiff sent to American-Amicable correspondence postmarked July 9, 2026 that contained a do-not-call request. This correspondence was after the last of the calls alleged by Plaintiff. For those allegations in Paragraph 31 that make reference to American-Amicable's discovery responses, American-Amicable makes reference to those discovery responses and denies any allegations inconsistent therewith. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and therefore, denies the same. Further responding to Paragraph 31, American-Amicable states that it does not make telemarketing calls nor does it contract with third parties to make telemarketing calls on its behalf.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

32. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore, denies the same.

33. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore, denies the same.

34. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore, denies the same.

35. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore, denies the same.

36. American-Amicable denies the allegations in Paragraph 36 that allege that during the alleged calls, Plaintiff had conversations with American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36, and therefore, denies the same.

37. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore, denies the same.

38. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore, denies the same.

39. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore, denies the same.

40. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore, denies the same.

41. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore, denies the same.

42. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore, denies the same.

43. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore, denies the same.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

44. American-Amicable admits the allegations in Paragraph 44.

45. American-Amicable admits the allegations in Paragraph 45.

46. American-Amicable admits the allegations in Paragraph 46.

47. American-Amicable admits the allegations in Paragraph 47.

48. American-Amicable denies the allegations in Paragraph 48 that allege that it received eight written do-not-call requests and that American-Amicable or its agents continued calling Plaintiff. American-Amicable admits the allegations in Paragraph 48 that it received the Summons and Complaint in this action. American-Amicable denies any remaining allegations in Paragraph 48 inconsistent with the above.

49. Responding to Paragraph 49, American-Amicable denies receiving any do-not-call requests from Plaintiff prior to service of the Summons and Complaint. American-Amicable admits the allegation in Paragraph 49 that it responded to Plaintiff's discovery requests stating it had no information about do-not-call requests prior to the service of the Summons and Complaint in this action. Further responding to Paragraph 49, American-Amicable incorporates by reference Plaintiff's alleged written do-not-call requests and denies any allegations inconsistent therewith.

50. American-Amicable denies the allegations in Paragraph 50.

51. American-Amicable denies the allegations in Paragraph 51.

52. American-Amicable denies the allegations in Paragraph 52.

53. American-Amicable denies the allegations in Paragraph 53.

54. American-Amicable denies the allegations in Paragraph 54. Further responding to Paragraph 54, American-Amicable states that it received no written do-not-call requests from Plaintiff prior to the service of the Summons and Complaint in this action and had no knowledge of the alleged calls.

55. American-Amicable denies the allegations in Paragraph 55.

56. Responding to Paragraph 56, American-Amicable states that it did not receive any do-not-call requests from Plaintiff prior to the service of the Summons and Complaint, and, accordingly,



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

had no knowledge of the alleged calls and no reason to conduct an investigation. American-Amicable denies any allegations in Paragraph 56 inconsistent with the above.

57. Responding to Paragraph 57, American-Amicable states that it did not receive any do-not-call requests from Plaintiff prior to the service of the Summons and Complaint, and, accordingly, had no knowledge of the alleged calls and no reason to conduct an investigation. American-Amicable denies any allegations in Paragraph 57 inconsistent with the above.

58. American-Amicable denies the allegations in Paragraph 58.

59. Responding to Paragraph 59, American-Amicable states that the law of the states in which it does business requires insurance producers to be licensed by the state and appointed with insurance companies. American-Amicable denies any allegations in Paragraph 58 inconsistent with the above.

60. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and therefore, denies the same.

61. Responding to Paragraph 61, American-Amicable states that it received applications from Plaintiff containing false information on three separate occasions, all occurring after Plaintiff filed her original Complaint in this action. None of the aforesaid applications resulted in a policy being issued to Plaintiff. American-Amicable denies any allegations in Paragraph 61 inconsistent with the above.

62. Responding to Paragraph 62, American-Amicable states that it received applications from Plaintiff containing false information on three separate occasions, all occurring after Plaintiff filed her original Complaint in this action, and that each of these applications had the name of a licensed independent contractor insurance producer. None of the aforesaid applications resulted in a policy being issued to Plaintiff. American-Amicable denies any allegations in Paragraph 62 inconsistent with the above.

///

///

63. Responding to Paragraph 63, American-Amicable states that it has possession of pleadings from lawsuits that set forth phone numbers allegedly called. American-Amicable denies any allegations in Paragraph 63 inconsistent with the above.

64. American-Amicable denies the allegations in Paragraph 64.

65. Responding to Paragraph 65, American-Amicable states that, when it receives an application from a licensed independent contractor insurance producer, it underwrites the application and makes a decision regarding whether a policy can be issued to the applicant. American-Amicable denies any allegations in Paragraph 65 inconsistent with the above.

66. Responding to Paragraph 66, American-Amicable states that applicants for insurance make premium payments directly to American-Amicable, except when checks or money orders are used to make the initial premium payment and are given to a licensed independent contractor insurance producer. Further responding to Paragraph 66, American-Amicable states that Plaintiff never made a premium payment to American-Amicable for an insurance policy. American-Amicable denies any allegations in Paragraph 66 inconsistent with the above.

67. Responding to Paragraph 67, American-Amicable states that when an insurance policy is issued based on an application submitted by a licensed independent contractor insurance producer, American-Amicable will pay a commission to that producer in accordance with the agreed commission structure. American-Amicable denies any allegations in Paragraph 67 inconsistent with the above.

68. American-Amicable denies the allegations in Paragraph 68.

69. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 alleging that Plaintiff registered her phone number on the FTC's do-not-call registry in 2008 and, therefore, denies the same. American-Amicable denies the remaining allegations in Paragraph 69.

///

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

70. Responding to Paragraph 70, American-Amicable states that it does not make telemarketing calls nor does it contract with third parties to make telemarketing calls on its behalf, and, accordingly, American-Amicable does not check lists of consumer phone numbers as it does business. American-Amicable denies any allegations in Paragraph 70 inconsistent with the above.

71. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71, and therefore, denies the same.

72. American-Amicable denies the allegations in Paragraph 72 that allege that American-Amicable or its agents made solicitation calls to Plaintiff. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72, and therefore, denies the same.

73. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore, denies the same.

74. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore, denies the same.

75. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and therefore, denies the same.

76. American-Amicable denies the allegations in Paragraph 76.

77. American-Amicable denies the allegations in Paragraph 77 that allege that American-Amicable had any role in the application process prior to a completed application being submitted to American-Amicable by a licensed independent contractor insurance producer. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, and therefore, denies the same.

78. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78, and therefore, denies the same.

79. American-Amicable denies the allegations in Paragraph 79 that allege that American-Amicable had any role in the application process prior to a completed application being submitted to



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

American-Amicable by a licensed independent contractor insurance producer. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79, and therefore, denies the same.

80. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore, denies the same.

81. American-Amicable denies the allegations in Paragraph 81.

82. American-Amicable denies the allegations in Paragraph 82.

83. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore, denies the same.

84. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore, denies the same. Further responding to Paragraph 84, American-Amicable denies that it had any role in the alleged telephone call.

85. American-Amicable denies the allegations in Paragraph 85.

86. American-Amicable denies the allegations in Paragraph 86.

87. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and therefore, denies the same.

88. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and therefore, denies the same.

89. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and therefore, denies the same.

90. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore, denies the same.

91. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and therefore, denies the same.

92. American-Amicable denies that the proposed class definitions in Paragraph 92 are appropriate for this matter.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

93. American-Amicable denies the allegations in Paragraph 93.

94. American-Amicable denies the allegations in Paragraph 94.

95. American-Amicable denies the allegations in Paragraph 95.

96. American-Amicable denies the allegations in Paragraph 96, including subparts (a) through (k).

97. American-Amicable denies the allegations in Paragraph 97.

98. American-Amicable denies the allegations in Paragraph 98, including subparts (a) through (c).

99. American-Amicable denies the allegations in Paragraph 99.

100. Paragraph 100 describes Plaintiff's requested exclusions from the proposed classes and does not require a response from American-Amicable.

101. American-Amicable denies the allegations in Paragraph 101.

102. American-Amicable denies the allegations in Paragraph 102.

103. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore, denies the same. Further responding to Paragraph 103, American-Amicable denies that it or its agents made any telephone solicitations.

104. American-Amicable denies the allegations in Paragraph 104.

105. American-Amicable denies the allegations in Paragraph 105.

106. American-Amicable denies the allegations in Paragraph 106.

107. American-Amicable denies the allegations in Paragraph 107.

108. American-Amicable denies the allegations in Paragraph 108.

109. Paragraph 109 calls for a legal conclusion to which no response is necessary.

110. Paragraph 110 calls for a legal conclusion to which no response is necessary.

111. American-Amicable denies the allegations in Paragraph 111.

112. American-Amicable denies the allegations in Paragraph 112.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

113. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and therefore, denies the same.

114. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and therefore, denies the same.

**COUNT 1 – TELEPHONE CONSUMER PROTECTION ACT**

**47. U.S.C. §227(c)**

115. Paragraph 115 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 U.S.C. § 227(c) referenced in Paragraph 115, which speaks for itself, and denies any remaining allegation in Paragraphs 115.

116. In response to Paragraph 116, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

117. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore, denies the same.

118. American-Amicable denies the allegations in Paragraph 118.

119. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and therefore, denies the same.

120. American-Amicable denies the allegations in Paragraph 120.

121. American-Amicable denies the allegations in Paragraph 121.

122. American-Amicable denies the allegations in Paragraph 122.

123. American-Amicable denies the allegations in Paragraph 123.

124. American-Amicable denies the allegations in Paragraph 124.

**COUNT 2 – TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227(b)**

125. Paragraph 125 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 U.S.C. § 227(b) referenced in Paragraph 125, which speaks for itself, and denies any remaining allegation in Paragraphs 80.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

126. In response to Paragraph 126, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

127. American-Amicable denies the allegations in Paragraph 127.

128. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and therefore, denies the same.

129. American-Amicable denies the allegations in Paragraph 129.

130. American-Amicable denies the allegations in Paragraph 130.

131. American-Amicable denies the allegations in Paragraph 131.

**COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 64.1200(d)**

132. Paragraph 132 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1200(d) referenced in Paragraph 108, which speaks for itself, and denies any remaining allegation in Paragraphs 132.

133. In response to Paragraph 133, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

134. Responding to Paragraph 134, American-Amicable states that it does not make telemarketing calls nor does it contract with third parties to make telemarketing calls on its behalf. American-Amicable denies any allegations in Paragraph 134 inconsistent with the above.

135. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and therefore, denies the same.

136. Responding to Paragraph 136, American-Amicable states that it does not know the identity of the person or entity making the alleged calls and has no control over such person or entity. Accordingly, American-Amicable denies the allegations in Paragraph 136.

137. American-Amicable denies the allegations in Paragraph 137.

138. American-Amicable denies the allegations in Paragraph 138.

139. American-Amicable denies the allegations in Paragraph 139.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

140. American-Amicable denies the allegations in Paragraph 140.

**COUNT 4 – TELEPHONE CONSUMER PROTECTION ACT**

**47 C.F.R. § 64.1200(d)(4)**

141. Paragraph 141 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1200(d)(4) referenced in Paragraph 141, which speaks for itself, and denies any remaining allegation in Paragraph 141.

142. In response to Paragraph 142, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

143. American-Amicable denies the allegations in Paragraph 143.

144. American-Amicable denies the allegations in Paragraph 144.

145. American-Amicable denies the allegations in Paragraph 145.

146. American-Amicable denies the allegations in Paragraph 146.

147. American-Amicable denies the allegations in Paragraph 147.

148. American-Amicable denies the allegations in Paragraph 148.

149. American-Amicable denies the allegations in Paragraph 149.

**COUNT 5 – TELEPHONE CONSUMER PROTECTION ACT**

**47 C.F.R. § 64.1200(d)(5)**

150. Paragraph 150 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1601(d) referenced in Paragraph 1150, which speaks for itself, and denies any remaining allegation in Paragraph 150.

Responding to the second paragraph designated as 150 on page 25 of the First Amended Complaint, American-Amicable states that said paragraph calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1601(d)(5) referenced in Paragraph 150, which speaks for itself, and denies any remaining allegation in Paragraph 150.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

151. American-Amicable denies the allegations in Paragraph 151 that allege that Plaintiff repeatedly asked American-Amicable to stop calling her. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151, and therefore, denies the same.

152. American-Amicable denies the allegations in Paragraph 152.

153. American-Amicable denies the allegations in Paragraph 153.

154. American-Amicable denies the allegations in Paragraph 154.

155. American-Amicable denies the allegations in Paragraph 155.

**COUNT 6 – TELEPHONE CONSUMER PROTECTION ACT**

**47 C.F.R. § 64.1601(e)**

156. Paragraph 156 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1601(e)(1) referenced in Paragraph 156, which speaks for itself, and denies any remaining allegation in Paragraph 156.

157. Paragraph 157 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1601(e)(1) referenced in Paragraph 157, which speaks for itself, and denies any remaining allegation in Paragraph 157.

158. American-Amicable denies the allegations in Paragraph 158.

159. In response to Paragraph 159, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

160. Paragraph 160 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1601(e)(1), which speaks for itself, and denies any remaining allegation in Paragraph 160.

161. American-Amicable denies the allegations in Paragraph 161.

162. American-Amicable denies the allegations in Paragraph 162.

163. American-Amicable denies the allegations in Paragraph 163.

164. American-Amicable denies the allegations in Paragraph 164.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

165. American-Amicable denies the allegations in Paragraph 165.

166. American-Amicable denies the allegations in Paragraph 166.

**COUNT 7 – WASHINGTON AUTOMATIC DIALING & ANNOUNCING DEVICE ACT**

**RCW 80.36.400(2)**

167. Paragraph 167 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.400(2) referenced in Paragraph 167, which speaks for itself, and denies any remaining allegation in Paragraph 167.

168. In response to Paragraph 168, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

169. American-Amicable denies the allegations in Paragraph 169.

170. American-Amicable denies the allegations in Paragraph 170.

171. American-Amicable denies the allegations in Paragraph 171.

172. American-Amicable denies the allegations in Paragraph 172.

173. American-Amicable denies the allegations in Paragraph 173.

174. American-Amicable denies the allegations in Paragraph 174.

175. American-Amicable denies the allegations in Paragraph 175.

176. American-Amicable denies the allegations in Paragraph 176.

**COUNT 8 – WASHINGTON TELEPHONE SOLICITATION ACT**

**RCW 80.36.390(3)**

177. Paragraph 177 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.390(3) referenced in Paragraph 177, which speaks for itself, and denies any remaining allegation in Paragraph 177.

178. In response to Paragraph 178, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

179. American-Amicable denies the allegations in Paragraph 179 insofar as they are applicable to American-Amicable because American-Amicable was not a participant on any of the



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

alleged calls. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 regarding what may not have happened during any of the alleged calls, and therefore, denies the same.

180. American-Amicable denies the allegations in Paragraph 180.

181. American-Amicable denies the allegations in Paragraph 181.

182. American-Amicable denies the allegations in Paragraph 182.

**COUNT 9 – WASHINGTON TELEPHONE SOLICITATION ACT**

**RCW 80.36.390(7)**

183. Paragraph 183 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.390(7) referenced in Paragraph 183, which speaks for itself, and denies any remaining allegation in Paragraph 183.

184. In response to Paragraph 184, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

185. American-Amicable denies the allegations in Paragraph 185.

186. American-Amicable denies the allegations in Paragraph 186.

187. American-Amicable denies the allegations in Paragraph 187.

188. American-Amicable denies the allegations in Paragraph 188.

**COUNT 10 – WASHINGTON TELEPHONE SOLICITATION ACT**

**RCW 80.36.390(9)**

189. Paragraph 189 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.390(9) referenced in Paragraph 189, which speaks for itself, and denies any remaining allegation in Paragraph 189.

190. In response to Paragraph 190, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

191. American-Amicable denies the allegations in Paragraph 191.

192. American-Amicable denies the allegations in Paragraph 192.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

193. American-Amicable denies the allegations in Paragraph 193.

194. American-Amicable denies the allegations in Paragraph 194.

**COUNT 11 – WASHINGTON TELEPHONE SOLICITATION ACT**

**RCW 80.36.390(10)**

195. Paragraph 195 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.390(10) referenced in Paragraph 195, which speaks for itself, and denies any remaining allegation in Paragraph 195.

196. In response to Paragraph 196, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

197. American-Amicable denies the allegations in Paragraph 197.

198. American-Amicable denies the allegations in Paragraph 198.

199. American-Amicable denies the allegations in Paragraph 199.

200. American-Amicable denies the allegations in Paragraph 200.

201. American-Amicable denies the allegations in Paragraph 201.

202. American-Amicable denies the allegations in Paragraph 202.

**COUNT 12 – WASHINGTON CONSUMER PROTECTION ACT**

**RCW 19.86 et seq.**

203. Paragraph 203 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.390(12) and RCW 19.86 referenced in Paragraph 203, which speak for themselves, and denies any remaining allegation in Paragraph 203.

204. Paragraph 204 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.400(4) and RCW 19.86 referenced in Paragraph 204, which speak for themselves, and denies any remaining allegation in Paragraph 204.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

205. In response to Paragraph 205, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

206. American-Amicable denies the allegations in Paragraph 206.

207. American-Amicable denies the allegations in Paragraph 207.

208. American-Amicable denies the allegations in Paragraph 208.

209. American-Amicable denies the allegations in Paragraph 209.

210. American-Amicable denies the allegations in Paragraph 210.

**COUNT 13 – INJUNCTIVE RELIEF**

211. Paragraph 211 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to 47 U.S.C. § 227, which speaks for itself, and denies any remaining allegation in Paragraph 211.

212. Paragraph 212 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.390(13), which speaks for itself, and denies any remaining allegation in Paragraph 212.

213. Paragraph 213 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 80.36.400(4), which speaks for itself, and denies any remaining allegation in Paragraph 213.

214. Paragraph 214 calls for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable refers to RCW 19.86.090, which speaks for itself, and denies any remaining allegation in Paragraph 214.

215. In response to Paragraph 215, American-Amicable incorporates by reference its responses to Plaintiff's previous allegations.

216. Responding to Paragraph 216, American-Amicable denies that Plaintiff is entitled to injunctive relief directed towards American-Amicable based on the allegations in the First Amended Complaint.

217. American-Amicable denies the allegations in Paragraph 217.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

218. American-Amicable denies the allegations in Paragraph 218.

219. American-Amicable denies the allegations in Paragraph 219.

**JURY DEMAND**

220. The allegations in Paragraph 220 do not require a response.

**PRAYER FOR RELIEF**

221. Responding to Paragraph 221, American-Amicable denies that the requirements for class certification are satisfied or that Plaintiff or her counsel should be appointed to represent the class. American-Amicable further denies any allegations in Paragraph 221 that allege that Plaintiff is entitled to any relief.

222. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 222 or any relief from American-Amicable.

223. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 223 or any relief from American-Amicable.

224. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 224 or any relief from American-Amicable.

225. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 225 or any relief from American-Amicable.

226. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 226 or any relief from American-Amicable.

227. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 227 or any relief from American-Amicable.

228. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 228 or any relief from American-Amicable.

229. American-Amicable denies that Plaintiff is entitled to the relief requested in Paragraph 229 or any relief from American-Amicable.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

## AFFIRMATIVE DEFENSES

**First Affirmative Defense: Consent**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's requisite permission or consent to be contacted by engaging in actions which demonstrated her consent.

**Second Affirmative Defense: No Injury**

Plaintiff's claims are barred, in whole or in part, because she suffered no legally cognizable injury. To the extent Plaintiff sustained any damages, which is denied, such damages are *de minimis* and not actionable.

**Third Affirmative Defense: Equitable Defenses**

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and unclean hands. Among other things, Plaintiff invited and welcomed the alleged telephone calls in an effort to manufacture and pursue litigation.

**Fourt Affirmative Defense: Not a Residential Line**

Plaintiff's claims fail because she cannot prove that a telephone number belonging to a residential telephone subscriber was called or that the alleged calls were made to a residential line.

**Fifth Affirmative Defense: Applicable Statutes and Regulations**

American-Amicable pleads the applicability of all relevant parts of the prior versions of 47 U.S.C. § 227, 47 C.F.R. § 64.1200, and R.C.W. 80.36 *et seq*. placing restrictions on telephone calls that may have been in effect during the time of the events alleged in the Plaintiff's First Amended Complaint.

**Sixth Affirmative Defense: Applicable Federal Exemptions and Exceptions**

American-Amicable incorporates by reference herein all provisions set forth within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth thereunder.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

**Seventh Affirmative Defense: Applicable State Exemptions and Exceptions**

American-Amicable incorporates by reference herein all provisions set forth within R.C.W. 80.36 *et seq.* (including prior versions and applicable regulations) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth thereunder. In particular, and without limitation, American-Amicable pleads the exemption set forth in R.C.W. 80.36.390(1)(b)(i).

**Eighth Affirmative Defense: Exceptions to Do-Not-Call Registry Liability**

American-Amicable pleads the applicability of the exceptions to liability set forth in 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

**Ninth Affirmative Defense: McCarran Ferguson Act**

American-Amicable pleads the application of reverse preemption of 47 U.S.C. § 227 and related regulations by applicable state insurance laws through the operation of the McCarran Ferguson Act.

**Tenth Affirmative Defense: Hobbs Act**

American-Amicable would show that the Hobbs Act cannot be constitutionally applied to deprive American-Amicable of the defenses it has under the TCPA or regulations promulgated thereunder.

**Eleventh Affirmative Defense: Failure to Mitigate Damages**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate her damages, and as a result, any judgment for Plaintiff must be reduced by any portion of damages which could have been avoided had appropriate steps been taken.

**Twelfth Affirmative Defense: Third Party Responsible**

Plaintiff's damages, if any, and none being admitted, were not caused by American-Amicable, but by another person or entity, for whom American-Amicable is not responsible over and whose activities American-Amicable exercises no control and/or has no right to control.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

**Thirteenth Affirmative Defense: Lack of Vicarious Liability**

The First Amended Complaint fails to state a plausible claim for any liability under any theory of vicarious liability. American-Amicable does not have direct liability under the TCPA or the Revised Code of Washington or applicable regulations, nor can it have vicarious liability under same based on any agency theory or theory of ratification. Plaintiff cannot meet her burden of establishing that American-Amicable has either direct liability or vicarious liability in this case when it did not control the manner or means by which the alleged telephone calls were made and did not knowingly accept any benefits or otherwise ratify any alleged improper conduct.

**Fourteenth Affirmative Defense: Due Process**

Plaintiff's claims are barred, in whole or in part, because the imposition on American-Amicable of statutory damages and/or exemplary/punitive damages under the TCPA or the Revised Code of Washington would violate the Due Process provisions of both the United States Constitution and the Washington Constitution.

**Fifteenth Affirmative Defense: Statute of Limitations**

American-Amicable pleads any and all applicable statute of limitations.

**Sixteenth Affirmative Defense: FCC Exceeding Authority**

The Plaintiff's claims are barred, in whole or in part, to the extent they are based on orders or regulations that exceed the FCC's delegated authority.

**Seventeenth Affirmative Defense: No Willful Violation**

American-Amicable has not willingly or knowingly violated any provision, subsection, or regulation under the TCPA or the Revised Code of Washington, and, therefore, the Plaintiff is not entitled to treble or enhanced damages.

**Eighteenth Affirmative Defense: Equitable Allocation and Set Off**

Any damages sustained by the Plaintiff must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than American-Amicable, including third parties, under the principles of equitable allocation, recoupment, set off, proportionate responsibility, and/or



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

comparative fault. American-Amicable is also entitled to a set off of any recovery Plaintiff recovers from other parties or third parties related to the same alleged violations.

**Nineteenth Affirmative Defense: No Future Harm**

Plaintiff's claim for injunctive relief is barred because there is no continuing harm or real and immediate danger of injury in the future.

**Twentieth Affirmative Defense: First Amendment**

Plaintiff's claims are barred, in whole or in part, because the alleged telephone calls constitute commercial speech protected by the First Amendment of the U.S. Constitution.

**Twenty-First Affirmative Defense: Lack of Standing**

Plaintiff lacks standing to assert any claims based on the alleged telephone calls because Plaintiff has not suffered the requisite harm required to confirm standing under Article III of the U.S. Constitution.

**Twenty-Second Affirmative Defense: Lack of Personal Jurisdiction**

The Court lacks personal jurisdiction over American-Amicable, and, therefore, the claims against American-Amicable should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

**Twenty-Third Affirmative Defense: No Class Adjudication**

The Plaintiff is unable to meet its burden of establishing that this action is appropriate for class adjudication. Among other things, the Plaintiff will be unable to identify the members of the putative class and show that the unnamed class members are ascertainable. The Plaintiff will also be unable to show that she is an adequate class representative or show that common issues predominate over individualized issues.

**Twenty-Fourth Affirmative Defense: Limitation on Treble Damages**

American-Amicable pleads the limitations on treble damages set forth in R.C.W. § 19.86.090.

**Twenty-Fifth Affirmative Defense: Exemptions Under Consumer Protection Act**

American-Amicable pleads any applicable exemptions under R.C.W. § 19.86.170.

## COUNTERCLAIMS

Defendant and Counterclaimant American-Amicable, by and through counsel and pursuant to Rule 13 of the Federal Rules of Civil Procedure, alleges counterclaims for fraud, negligent misrepresentation, and violation of the Washington Consumer Protection Act ("WCPA"), RCW 19.86 *et seq*. American-Amicable alleges as follows:

### NATURE OF COUNTERCLAIMS

1. These Counterclaims arise because of Plaintiff's deliberate scheme to submit false insurance applications with no intention of procuring insurance coverage, all for the purpose of manufacturing litigation under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and various state law claims. Plaintiff did not apply for life insurance policies with American-Amicable because she wanted life insurance. Instead, she knowingly submitted on three separate occasions applications for insurance coverage with inaccurate information and falsely represented each time that she was a bona fide applicant seeking life insurance. American-Amicable reasonably relied on Plaintiff's misrepresentations and processed her applications in good faith. Plaintiff's actions caused American-Amicable to incur expense in its efforts to conduct underwriting of the three separate applications for insurance. Plaintiff never made a premium payment to American-Amicable and never intended to do so.

### PARTIES

2. American-Amicable is an insurance company organized and incorporated under the laws of the State of Texas, with its principal place of business in Waco, Texas.

3. Upon information and belief, Plaintiff is an adult individual who is a citizen of Clark County, Washington.

///

///

///

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

## JURISDICTION

4. The Court has supplemental jurisdiction over American-Amicable's counterclaims under 28 U.S.C. § 1367 because either the counterclaims are compulsory or because the counterclaims share a common nucleus of operative fact with Plaintiff's federal claim asserted under the TCPA.

5. Upon information and belief, Plaintiff is a citizen and resident of the state of Washington. Accordingly, the Court has personal jurisdiction over Plaintiff.

## BACKGROUND

6. In addition to this Action, Plaintiff has filed at least three other TCPA lawsuits identified more fully as: *Higdon v. Gerber Life Ins. Co.*, Case No. 3:26-cv-05316-JHC (W.D. Wash.); *Higdon v. Exact Care Pharmacy, LLC*, Case No. 26-2-02019-06 (Clark Cnty. Super. Ct.); and Higdon v. Medical Life Alarm, LLC, Case No. 26-2-02560.06 (Clark Cnty. Super. Ct.).

7. Upon information and belief, Plaintiff has repeated the same scheme in *Higdon v. Gerber Life Ins. Co.*, Case No. 3:26-cv-05316-JHC (W.D. Wash.), by providing false information on insurance applications for the purpose of manufacturing litigation rather than for the purpose of procuring insurance.

8. Plaintiff's repeated submission to life insurance companies of applications with false information for the sole purpose of creating claims against those companies has injured, or has the capacity to injure, insurers, insurance producers, and consumers in the Washington insurance marketplace.

9. Plaintiff alleges in her First Amended Complaint that she was called on many occasions and, during some of the calls, after going through prompts, she was transferred to a live agent from American-Amicable, and, as a result of some of these calls, she submitted applications for insurance to American-Amicable.

///

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

10. On or about January 30, 2026, Plaintiff submitted an application for insurance to American-Amicable. For this application, Plaintiff provided that her address was 1115 Northeast, 105th Street, apt. 19, Vancouver, Washington. The application additionally listed Plaintiff's social security number as XXX-71-71XX and her phone number as XXX-XXX-3115. The Plaintiff answered NO to all the application questions regarding her health. Plaintiff provided a voice signature for this application.

11. After being processed by its underwriting department, American-Amicable declined this application.

12. During the underwriting process, American-Amicable obtained, at its own expense, a prescription check report and an MIB report. These reports revealed that Plaintiff had falsely responded to the health questions on the application.

13. On or about February 25, 2026, Plaintiff submitted an application for insurance to American-Amicable. Plaintiff provided that her address was 1115 15tth St NE, #19, Salem, Oregon. The application additionally listed Plaintiff's social security number as XXX-74-71XX and her phone number as XXX-XXX-3115. The Plaintiff answered NO to all the application questions regarding her health. Plaintiff provided a voice signature for this application.

14. After being processed by its underwriting department, American-Amicable declined this application.

15. During the underwriting process, American-Amicable obtained, at its own expense, a prescription check report and it attempted to obtain an MIB report. The prescription check report revealed that Plaintiff had falsely responded to the health questions on the application.

///

///

///

///

///

16. On or about June 23, 2026, Plaintiff submitted an application for insurance to American-Amicable. For this application, Plaintiff provided that her address was 1115 Northeast, 105th Street, apt. 19, Vancouver, Washington. The application additionally listed Plaintiff's social security number as XXX-74-71XX and her phone number as XXX-XXX-8416. The Plaintiff answered NO to all the application questions regarding her health. Plaintiff provided an electronic signature for this application.

17. After being processed by its underwriting department, American-Amicable declined this application.

18. During the underwriting process, American-Amicable obtained, at its own expense, a prescription check report and an MIB report. These reports revealed that Plaintiff had falsely responded to the health questions on the application.

19. With respect to each application submitted by Plaintiff, American-Amicable relied upon Plaintiff's representations that she was interested in purchasing a life insurance policy from American-Amicable.

20. At the time Plaintiff made her representations indicating she desired to purchase life insurance and when she submitted each application, Plaintiff had no intention of purchasing life insurance from American-Amicable.

21. The sole purpose for Plaintiff to misrepresent she was interested in purchasing life insurance and for submitting the applications with false information was to develop facts that she thought would be helpful to her claims and which she could include in the allegations in her pleadings against American-Amicable.

**COUNTERCLAIM COUNT 1**

**(Fraud in the Inducement)**

22. American-Amicable incorporates by reference the preceding paragraphs as if stated herein verbatim.

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

23. Plaintiff made misrepresentations of existing fact to American-Amicable by signing and submitting applications for insurance with false information and representing a present desire to obtain a life insurance policy when Plaintiff never had any intention of procuring and maintaining a life insurance policy with American-Amicable.

24. The signing and submission of the applications and other misrepresentations were material because American-Amicable would not have taken steps to perform underwriting of each application without a signed application from Plaintiff or without her indication that she desired to procure insurance.

25. Plaintiff's representations to American-Amicable indicating her desire to procure life insurance were false as were many of her answers on the insurance applications.

26. Plaintiff knew at the time she signed and submitted the applications that she had no intention of procuring or maintaining a life insurance policy with American-Amicable. For this reason, Plaintiff knew that the representations she was making to American-Amicable were false.

27. Plaintiff intended for American-Amicable to rely on the signed applications by processing the applications.

28. American-Amicable was ignorant of the falsity of the misrepresentations Plaintiff made to American-Amicable.

29. American-Amicable justifiably relied, and had a right to rely, on the signed applications and Plaintiff's representations regarding her desire to procure insurance when it processed the applications, performed underwriting on the risk, and created an electronic record for Plaintiff and her applications.

30. American-Amicable was injured in the form of time and expense incurred when (a) processing and underwriting the applications and creating an electronic record for Plaintiff and her applications, (b) requesting and paying for prescription check reports and MIB reports, and (c) preparing and issuing letters declining the applications.

///

31. American-Amicable's damages described herein were proximately caused by American-Amicable's reliance on Plaintiff's misrepresentations when she submitted the signed applications for insurance.

32. American-Amicable respectfully requests judgment in its favor and against Plaintiff for actual damages.

**COUNTERCLAIM COUNT 2**

**(Negligent Misrepresentation)**

33. American-Amicable incorporates by reference the preceding paragraphs as if stated herein verbatim.

34. Plaintiff supplied information for the guidance of American-Amicable in its business transactions that was false. Plaintiff did this when signing and submitting applications for insurance and representing a present desire to obtain a life insurance policy when Plaintiff never had any intention of procuring and maintaining a life insurance policy with American-Amicable.

35. Plaintiff knew or should have known that the information was supplied to guide American-Amicable in its business transactions. This is because Plaintiff was submitting life insurance applications and naturally would expect American-Amicable, a life insurance company, to act on the applications.

36. Plaintiff was negligent in communicating the false information. In particular, Plaintiff should have taken greater care to ensure when she was submitting her applications that she conveyed to American-Amicable that she had no real interest in procuring or maintaining life insurance from American-Amicable. Instead, Plaintiff stayed silent on her true intentions. The Plaintiff also should have acted more carefully when completing the applications to ensure she accurately responded to the questions.

///

///

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

37. American-Amicable justifiably relied, and had a right to rely, on the signed applications and representations that Plaintiff desired to procure insurance when it processed the applications, performed underwriting on the risk, and created an electronic record for Plaintiff and her applications. American-Amicable's reliance was reasonable.

38. The false information provided by Plaintiff proximately caused American-Amicable's damages.

39. American-Amicable was injured in the form of time and expense incurred when (a) processing and underwriting the applications and creating an electronic record for Plaintiff and her applications, (b) requesting and paying for prescription check reports and MIB reports, and (c) preparing and issuing letters declining the applications.

40. American-Amicable respectfully requests judgment in its favor and against Plaintiff for actual damages.

**COUNTERCLAIM COUNT 3**

**(Violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.)**

41. American-Amicable incorporates by reference the preceding paragraphs as if stated herein verbatim.

42. Plaintiff engaged in unfair and deceptive acts and practices by knowingly submitting applications for life insurance to American-Amicable while falsely representing that she was a bona fide applicant seeking insurance coverage when her actual purpose was to manufacture litigation claims against American-Amicable and others and she had no intention of ever purchasing and maintaining a policy with American-Amicable. Additionally, Plaintiff submitted false information on the applications by, among other things, stating she had no adverse health history, which was untrue.

43. Plaintiff's conduct occurred in trade or commerce because it involved applications for life insurance and false representations by Plaintiff made and submitted for the sole purpose of trying to create facts she could include in allegations in TCPA litigation in her efforts to profit



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

personally from such litigation.  For Plaintiff, filing TCPA lawsuits is a way of making money.  She is not filing the lawsuits for the purpose of being made whole for damages she has allegedly suffered. Filing TCPA lawsuits is simply a business venture for Plaintiff and a way of making money.

44. Plaintiff's conduct affects the public interest because, upon information and belief, Plaintiff has repeatedly misrepresented her interest in procuring life insurance and provided false information on insurance applications for the purpose of manufacturing TCPA claims, including in *Higdon v. Gerber Life Ins. Co.*, Case No. 3:26-cv-05316-JHC (W.D. Wash.), and because such conduct injured, had the capacity to injure, and has the capacity to injure other insurers, including, without limitation, Gerber Life Insurance Company, insurance producers, and consumers in the Washington insurance marketplace.  Moreover, Plaintiff misrepresented to American-Amicable on three separate occasions that she had an interest in procuring life insurance when in fact she had no intention of ever purchasing or maintaining a policy with American-Amicable.

45. American-Amicable's business was injured by Plaintiff's unfair or deceptive acts and practices in the form of time and expense incurred when (a) processing and underwriting the applications and creating an electronic record for Plaintiff and her applications, (b) requesting and paying for prescription check reports and MIB reports, and (c) preparing and issuing letters declining the applications.

46. American-Amicable's injuries were proximately caused by Plaintiff's unfair and deceptive acts and practices because American-Amicable would not have processed or underwritten the applications absent Plaintiff's false representations that she was a bona fide insurance applicant.

47. Under RCW 19.86.090, American-Amicable is entitled to recover its actual damages, treble damages as allowed by law, costs of suit, and reasonable attorneys' fees, together with such other relief as the Court deems just and proper.

///

///

///



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

## PRAYER FOR RELIEF

WHEREFORE, American Amicable prays that (a) the Court deny class certification, (b) judgment be entered in favor of American-Amicable on Plaintiff's claims, (c) judgment be entered in favor of American-Amicable on its counterclaims and that American-Amicable be awarded actual damages, statutory damages, treble damages, and interest (d) American-Amicable be awarded its reasonable attorneys' fees and costs, and (e) the Court award American-Amicable such other and further relief as the Court deems just and proper.

Dated: November 6, 2026

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*s/Christopher S. Marks*

Christopher S. Marks, WSBA #28634
Attorney for Defendant
AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

I certify that on February 27, 2026, a copy of the foregoing document was served on all parties as stated below. This firm is counsel for Defendant American Amicable Life Insurance Company of Texas and will have copies of the original of this document as well.

**Via Email**

Peter Schneider
Northwest Debt Resolution, LLC
10900 4th Street, Ste 2300
Bellevue, WA 98004
Telephone: 206-800-6000
Telephone: 971-800-6000
Facsimile: 206-800-6015
Email: peter@nwdebtresolution.com
nathen@nwdebtresolution.com

*Attorney for Plaintiff Rebecca Higdon*

Executed in Los Angeles, California on November 6, 2026.

s/Lissette M. Fernandez
NELSON MULLINS RILEY & SCARBOROUGH LLP
350 South Grand Avenue, Suite 2200
Los Angeles, CA 90071
Telephone: 424.221.7470
Email: lissette.fernandez@nelsonmullins.com